NOT DESIGNATED FOR PUBLICATION

No. 113,095

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE ROJAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 26, 2016. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.


*Per Curiam*:  Jose Rojas wants a new legal rule for assessing the ineffectiveness of appellate lawyers in K.S.A. 60-1507 proceedings—one that would presume prejudice if the lawyer files a brief determined to be "inadequate." Such a standard would be contrary to established Kansas Supreme Court authority, so we cannot oblige Rojas even if we were inclined to do so. We, therefore, affirm the Sedgwick County District Court's ruling dismissing Rojas' 60-1507 motion as impermissibly successive.

Rojas pleaded guilty to and was convicted of two counts of second-degree murder and one count of aggravated kidnapping in 1987 for which he received consecutive

sentences of life in prison and life plus 30 years. During the last 28 years, Rojas has intermittently filed various motions challenging his convictions or sentences. We dispense with detailed accounts of both the underlying crimes and the procedural history of Rojas' challenges to his continuing incarceration. They are unnecessary to the issue before us.

In 2012, Rojas filed a 60-1507 motion attacking the work of the lawyer who represented him in the district court on the original criminal charges as constitutionally inadequate. The district court dismissed the motion as untimely, since Rojas failed to demonstrate "manifest injustice" excusing his compliance with the 1-year deadline for filing 60-1507 challenges. See K.S.A. 60-1507(f). Rojas appealed that ruling, and this court affirmed. See *Rojas v. State*, No. 108,067, 2013 WL 2321187 (Kan. App. 2013) (unpublished opinion). The lawyer appointed to represent Rojas on that appeal filed a four-page brief, not counting the signatures and certificate of service.

Rojas then filed another 60-1507 motion alleging he had been inadequately represented in his earlier 60-1507 motion. The district court summarily dismissed the new motion as successive and untimely. Rojas has appealed, and that is what we have before us.

The Kansas Supreme Court has recognized that a convicted criminal defendant may bring a second or successive 60-1507 motion in exceptional circumstances. Those circumstances include inadequate legal representation in the earlier 60-1507 motion. See *Albright v. State*, 292 Kan. 193, 207, 251 P.3d 52 (2011); *Robertson v. State*, 288 Kan. 217, 228-32, 201 P.3d 691 (2009). Although there is no constitutional right to appeal, the statutory right to do so carries with it the entitlement to the effective assistance of counsel. An alleged violation of that right is measured using the standard for inadequate legal representation under the Sixth Amendment to the United States Constitution—that is, the *Strickland* test. See *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Robertson*, 288 Kan. at 228-32; *Alford v. State*, 42

2

Kan. App. 2d 392, 394-95, 397-98, 212 P.3d 250 (2009) (performance of counsel must be deficient and result in legal prejudice), *rev. denied* 290 Kan. 1092 (2010); *Lingenfelter v. State*, No. 102,391, 2010 WL 4320356, at *3-5 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 912 (2011). To demonstrate constitutionally ineffective legal representation under that test, a party must show the representation fell below an objective standard of reasonableness resulting in legal prejudice, meaning there probably would have been a different outcome had the representation been adequate. *Strickland*, 466 U.S. at 687-88, 694; *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3-4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance); see *Haddock v. State*, 282 Kan. 475, 512-13, 146 P.3d 187 (2006) (stating *Strickland* test and *Chamberlain* standard of review). As both the United States Supreme Court and the Kansas Supreme Court have observed, review of the representation should be deferential and hindsight criticism tempered lest the evaluation of a lawyer's performance be unduly colored by lack of success notwithstanding demonstrable competence. See *Strickland*, 466 U.S. at 689-90; *Holmes v. State*, 292 Kan. 271, 275, 252 P.3d 573 (2011).

Here, the *Strickland* test would require Rojas to point to legal arguments the lawyer handling the appeal of the earlier 60-1507 motion should have made but didn't and at least some showing that those arguments might have been successful. With such a demonstration, Rojas would have been entitled to an evidentiary hearing on his current 60-1507 motion to explore why his former lawyer did not pursue those arguments. But Rojas has made no such demonstration.

Rather than doing so, Rojas argues on appeal for a test that would presume prejudice because his lawyer filed an "inadequate" brief. First, of course, it is hard to say that the brief, though quite short, was inadequate without offering examples of arguments that could have been made in the earlier appeal and were omitted. Even then, the brief and the legal representation reflected in it would not necessarily be inadequate under *Strickland*. Lawyers commonly sort through potential issues to be raised on appeal, focusing on the strongest and winnowing out the weakest. More to the point here,

however, presuming prejudice when a lawyer has actually filed a brief conflicts with the rule laid down in *Robertson*, 288 Kan. at 228-32.

The *Strickland* test does not apply if a lawyer appointed to appeal the district court's denial of a 60-1507 motion fails to perfect the appeal, thereby depriving the movant of the opportunity to pursue that procedural avenue. *Albright*, 292 Kan. at 211-12. A lawyer may fumble away that opportunity by failing to file a notice of appeal or a docketing statement or otherwise procedurally defaulting. In the face of a procedural default, the movant need only show that an appeal would have been taken. The movant need not demonstrate that a substantive issue might have achieved some measure of success. 292 Kan. at 211-12.

Rojas would have us apply the *Albright* rule to his circumstance even though the lawyer handling the appeal of his earlier 60-1507 motion both perfected the appeal and filed a brief presenting arguments. Filing a brief is not a procedural default. Rojas seeks a substantial expansion of the scope of *Albright* and a concomitant constriction of *Robertson*. We cannot take that step because we are bound to follow *Robertson*.

In short, Rojas has not shown how the lawyer appealing the denial of his earlier 60-1507 motion might have provided insufficient legal representation under the governing standard. In turn, Rojas cannot demonstrate grounds warranting a successive 60-1507 motion. The district court ruled correctly in dismissing Rojas' present motion for that reason. We, therefore, have no need to consider whether the district court properly found the current 60-1507 motion to be untimely and do not decide that point.

Affirmed.