No. 95,188

JOSHUA ROBERTSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(201 P.3d 691)

218

Opinion filed February 6, 2009.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the briefs for appellant.

*Jan Satterfield,* county attorney, argued the cause, and *Paul J. Morrison,* attorney general, was with her on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: This is a K.S.A. 60-1507 action brought by movant Joshua Robertson to challenge his jury convictions of first-degree murder, arson, and aggravated burglary. The district judge appointed counsel and conducted a nonevidentiary hearing before ruling against Robertson; a panel of our Court of Appeals affirmed the district court. *Robertson v. State,* No. 95,188, unpublished opinion filed February 23, 2007. We granted Robertson's petition for review.

This case requires us to decide whether a K.S.A. 60-1507 movant must demonstrate legal prejudice when the performance of his or her motion counsel has plainly been inadequate.

### Factual and Procedural Background

Robertson's convictions arose out of his involvement in the grisly murder of Patricia Self, his girlfriend's mother, and the burning of Self's home. We affirmed Robertson's conviction and his hard 50 life sentence on direct appeal, rejecting seven claims of error. *State v. Robertson (Robertson* I), 279 Kan. 291, 109 P.3d 1174 (2005).

The K.S.A. 60-1507 motion that launched this action asserted nine claims: (1) Robertson's confession was not voluntary because he was distraught and in pain from an injury to his hand, and was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); (2) the prosecutor engaged in misconduct by stating that Robertson was aware of a plan to murder Self; (3) the jury's request for the prosecution's overhead supplementing the definition of premeditation required a mistrial; (4) the police exceeded the scope of a patdown search under *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), and illegally arrested Robertson; (5) testimony regarding Robertson's conversation with his girlfriend about making her parents "disap-

pear" was not credible; (6) Robertson's trial counsel provided ineffective assistance (a) by failing to seek a competency evaluation regarding Robertson's inability to abide by advice and to demonstrate the involuntariness of his statements; (b) because of a conflict of interest, evidenced by counsel's attempt to withdraw from representation; and (c) by failing to challenge violations of Robertson's Fourth Amendment rights; (7) Robertson's appellate counsel provided ineffective assistance by failing to raise Fourth Amendment claims; (8) Robertson's Fourteenth Amendment rights were violated, apparently because he was incompetent to stand trial; and (9) an indistinct, general expression of dissatisfaction with "[a]ll objections, arguements [*sic*], and filings of trial counsel and appellate counsel."

The district judge who presided over Robertson's criminal trial also presided over the proceedings on this K.S.A. 60-1507 motion. The judge appointed counsel to represent Robertson on the motion; Robertson was not present for the district court's nonevidentiary hearing.

At the hearing, the district judge stated that his initial review of the record and files had led him to believe there were no issues warranting review but that he had appointed counsel for Robertson to make an independent review and to inform him whether there appeared to be any basis for relief.

Robertson's appointed 60-1507 counsel stated that he had reviewed the transcript for Robertson's trial, the K.S.A. 60-1507 motion, and the pleadings in the case. Although counsel did not agree with the jury's verdict, he said, Robertson's claims of prosecutorial misconduct, error in the jury's request to see an overhead on premeditation, and violation of due process rights were trial errors that should have been raised on direct appeal. When the district judge noted that certain of these issues were in fact raised on direct appeal, counsel admitted that he had not read this court's decision affirming Robertson's convictions.

Counsel also addressed Robertson's claim of ineffective assistance of trial counsel, specifically the allegations that trial counsel had failed to withdraw despite Robertson's refusal to follow his advice and that counsel had failed to seek a competency exami-

nation to challenge the voluntariness of Robertson's confession or his competency to stand trial. Counsel suggested that trial counsel's representation was "exceptional" and that it would be impossible to determine that it was in any way unreasonable or defective; in fact, trial counsel had arranged for Robertson to submit to a mental health evaluation to determine the viability of a mental disease or defect defense. Counsel, noting his duty not to file frivolous pleadings, ultimately suggested that Robertson's claims either should have been raised on direct appeal or were without merit.

After the hearing, the district judge denied relief because Robertson sought to pursue issues he could have raised on direct appeal and no exceptional circumstances excused his failure to raise them at that juncture, or, to the extent Robertson argued that he had received ineffective assistance of counsel, which may constitute such an exceptional circumstance, the issues had no substantive merit. The district judge stated incorrectly that motion counsel had reviewed this court's opinion in Robertson's direct appeal, but that error had no evident impact on the judge's reasoning or result.

Robertson's brief to the Court of Appeals in this action raised three claims: (1) The district judge should have considered the merits of Robertson's ineffective assistance claim based on trial counsel's failure to investigate (a) Robertson's competence at the time he made incriminating statements to law enforcement, and (b) the falsity of certain testimony; (2) counsel at the K.S.A. 60-1507 hearing was ineffective; and (3) the district judge's findings of fact and conclusions of law in support of his decision on the K.S.A. 60-1507 motion were inadequate under Supreme Court Rule 183(j) (2008 Kan. Ct. R. Annot. 247). His brief also appeared to take the position that his Fourth Amendment claim was appropriate for consideration on this K.S.A. 60-1507 motion because it could not have been considered on his direct appeal due to a failure to preserve the issue in the district court.

Our Court of Appeals panel agreed with Robertson that his counsel's performance at the K.S.A. 60-1507 motion hearing was similar to that of counsel criticized in *Campbell v. State*, 34 Kan. App. 2d 8, 114 P.3d 162 (2005). As in *Campbell*, Robertson's counsel made no argument in favor of his client's motion and advocated

against his client by arguing that trial counsel's performance was reasonable. *Robertson v. State*, No. 95,188, slip op. at 3. But the Court of Appeals panel noted that the right to effective assistance of counsel on collateral challenges is statutory, not constitutional, and that appointment of counsel is discretionary rather than mandatory, depending on whether there are substantial issues of law or triable issues of fact. See *Campbell*, 34 Kan. App. 2d at 12. The Court of Appeals panel distinguished *Campbell* from Robertson's case by noting that certain issues contained in the *Campbell* motion required an evidentiary hearing. The panel suggested that the movant in *Campbell* had shown prejudice consistent with the prejudice required when a movant alleges ineffective assistance of trial counsel under the test set out in *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Here, the panel noted, Robertson alleged no prejudice other than the fact that his motion was denied. Slip op. at 3-5.

The panel then analyzed whether the district judge had abused his discretion, the standard of review applicable at the time, by denying Robertson's motion on the merits, concluding that Robertson was not entitled to relief. Slip op. at 5.

First, the panel concluded Robertson's trial counsel was not constitutionally ineffective for failing to demand a competency evaluation to challenge the voluntariness of Robertson's confession. Trial counsel had argued that the confession was not voluntary; the district court held that it was; and that ruling was upheld by this court on direct appeal. Moreover, Robertson alleged no mental illness, and a mental health evaluation was not justified merely on the strength of Robertson's assertion that he had felt pressured during his interrogation. Slip op. at 6.

Second, the panel concluded that trial and appellate counsel were not ineffective for failing to raise a Fourth Amendment challenge to Robertson's arrest based on *Terry*, 392 U.S. at 30-31 (officer may detain person in public place on reasonable suspicion that person committing, has committed, about to commit crime). Robertson failed to explain the substance of his claim; failed to show why counsel was ineffective for failing to object or raise such a challenge; and did not address why the district judge erred in

rejecting this argument. Moreover, the panel concluded that the argument was without merit because Robertson's warrantless public arrest was not a *Terry* stop and did not violate the Fourth Amendment. The officer who seized Robertson had probable cause to arrest him, and "neither trial nor appellate counsel could be considered ineffective for failing to raise an issue that would not have been successful." *Robertson*, Slip op. at 7-9.

The panel finally observed that the district court judge's stated rationale for denying Robertson's K.S.A. 60-1507 motion was "sparse," but it concluded that the findings and conclusions were adequate under Supreme Court Rule 183(j). Slip op. at 9.

The same issues before the Court of Appeals are raised by Robertson's petition for review to this court.

## Analysis

Because the nature of Robertson's claims has shifted over time, we pause briefly to discuss the current status of each of the nine arguments for relief he made originally in his K.S.A. 60-1507 motion.

The first issue, alleging involuntariness of Robertson's confession based on his assertion that requests for counsel were ignored or refused and that pain from a hand injury and emotional distress interfered with his exercise of will, was subject to summary dismissal in the district court. The issue of the voluntariness of Robertson's confession had already been fully litigated on direct appeal and thus could not be the basis of K.S.A. 60-1507 relief.

The second issue, alleging reversible prosecutorial misconduct, also was subject to summary dismissal by the district court because Robertson advanced no exceptional circumstances excusing his failure to raise it in his direct appeal.

The third issue, asserting the appropriateness of a mistrial because of the jury's request for an demonstrative overhead exhibit employed by the prosecutor to define premeditation, also was subject to summary dismissal by the district court. Again, Robertson advanced no exceptional circumstances excusing his failure to raise it in his direct appeal.

The fourth issue, alleging that the police exceeded the scope of a *Terry* patdown search and illegally arrested Robertson, also was subject to summary dismissal by the district court. It should have been addressed in Robertson's direct appeal, and no exceptional circumstances excused the failure to include it at that time.

The fifth issue, in which Robertson challenged the credibility of testimony about a conversation between him and his girlfriend about making her parents "disappear," also was subject to summary dismissal by the district court. Again, it too should have been raised in Robertson's direct appeal; it was not, without excuse.

The sixth issue, on ineffectiveness of trial counsel, survives on this appeal in one limited respect. Robertson first argued that his trial counsel was ineffective for failing to seek a competency evaluation because of Robertson's inability to abide by advice and to demonstrate the involuntariness of his statements. The argument about Robertson's inability to abide by advice was abandoned when his Court of Appeals brief was filed. In Robertson's brief to the Court of Appeals, and thus on this petition for review, the competency evaluation issue has been transformed into an allegation that trial counsel's investigation of Robertson's competence at the time of his confession was inadequate. This argument survives for our scrutiny. Both of Robertson's other initial criticisms of trial counsel—that counsel had a conflict arising from a desire to withdraw from the case and that counsel was ineffective for failing to raise a Fourth Amendment argument—were abandoned when the Court of Appeals brief was submitted in this case.

Robertson's seventh issue alleged ineffectiveness of his direct appeal counsel, again because of a failure to raise a Fourth Amendment issue. This issue also was abandoned when Robertson's Court of Appeals brief was filed.

Eighth, Robertson made an allegation that the Fourteenth Amendment was violated, apparently because he believes he was not competent to stand trial. This argument was merely conclusory and thus insufficient to support K.S.A. 60-1507 relief.

Robertson's ninth and final issue was even more vague and even more conclusory, asserting dissatisfaction with "[a]ll objections, arguements [*sic*], and filings of trial counsel and appellate counsel."

Again, this did not merit anything beyond a swift and summary dismissal of the motion.

We now turn to the merits of the issues before us on this petition for review.

When reviewing a district judge's decision on a K.S.A. 60-1507 motion after a preliminary or nonevidentiary hearing, we now apply a findings of fact and conclusions of law standard of review. In other words, we determine whether the district judge's findings are supported by substantial competent evidence and whether those findings are sufficient to support his or her conclusions of law. The district judge's ultimate legal conclusion regarding whether the movant has established that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, is reviewed as a conclusion of law using a de novo standard. *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 4, 172 P.3d 10 (2007).

Ineffective Assistance of Trial Counsel

" 'Before counsel's assistance is determined to be so defective as to require reversal of a conviction, defendant must establish (1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived defendant of a fair trial. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.' [Citation omitted.]" *Haddock v. State*, 282 Kan. 475, 512-13, 146 P.3d 187 (2006).

Accord *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259 (2000). We evaluate both the performance and the prejudice prongs of the constitutional standard for ineffective assistance of counsel de novo. *Haddock*, 282 Kan. at 513; *Easterwood v. State*, 273 Kan. 361, 370, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002).

Robertson first argues that his trial counsel was ineffective in failing to investigate his competence at the time he made his incriminating statements to law enforcement.

A review of the record on appeal, supplemented as necessary by facts and conclusions set out in this court's decision affirming Robertson's conviction and sentence on direct appeal, demonstrates that trial counsel's performance was not deficient.

Early in the case against Robertson, his trial counsel filed a motion for a competency determination. The evaluation determined that Robertson was competent and that further evaluation was not necessary. The district court made a finding of competence.

In addition, contrary to Robertson's representation in his K.S.A. 60-1507 motion, trial counsel did raise the issue of Robertson's medical or mental capacity when challenging the voluntariness of Robertson's incriminating statements to law enforcement. Although counsel did not seek another mental health evaluation, he introduced Robertson's videotaped interrogation to establish that Robertson's statements were made while he was emotionally distraught, in pain, and medically or mentally incompetent. The district judge denied the motion to suppress, ruling that police had not coerced Robertson. The district judge also eventually rejected Robertson's contention that he committed the offense while he was under extreme emotional influence, noting that Robertson's demeanor during the videotaped interrogation demonstrated otherwise. Specifically, the court noted Robertson's emotional and physical pain but said he "appears to the court . . . to be cogent, conversant and in touch with reality."

On direct appeal, this court affirmed the district court's admission of Robertson's statements, holding there was "substantial competent evidence to support the district court's factual findings." *Robertson I*, 279 Kan. at 303. We suggested that Robertson's behavior "virtually defined the old phrase, 'a compulsion to confess' " and that, "as a matter of law, Robertson's motion to suppress . . . merited denial." 279 Kan. at 302-03.

On these facts, we hold that Robertson's claim of ineffective assistance of trial counsel because of failure to investigate his competency at the time of interrogation is without merit.

Robertson also attempted to argue before the Court of Appeals and thus attempts to argue here that his trial counsel was ineffective in failing to investigate the falsity of certain testimony. This claim is raised for the first time on appeal of his K.S.A. 60-1507 motion and will therefore not be addressed. See *State v. Shopteese*, 283 Kan. 331, 339, 153 P.3d 1208 (2007).

Finally, we address Robertson's assertion that he should be permitted to argue a Fourth Amendment challenge on this K.S.A. 60-1507 motion because it would have been impossible to do so on direct appeal due to a failure to preserve the issue in district court. This argument makes no sense. A criminal defendant who fails to preserve a constitutional issue at the district court level may not automatically advance the argument in a later K.S.A. 60-1507 proceeding, skipping the direct appeal process entirely. Unless exceptional circumstances excuse the procedural default, the issue cannot be revived after a failure to raise it in a direct appeal. At this stage of this case, Robertson does not demonstrate exceptional circumstances to necessitate our further review of his Fourth Amendment complaint.

## Ineffective Assistance of K.S.A. 60-1507 Motion Counsel

The extent of a movant's statutory right to effective assistance of counsel during a K.S.A. 60-1507 proceeding is a question of law over which this court has previously exercised unlimited review. See *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004); *Campbell v. State*, 34 Kan. App. 2d 8, 114 P.3d 162 (2005).

As a preliminary matter, we note that Robertson raises this issue for the first time on appeal. This court has held that a constitutional challenge to an attorney's performance must first be raised in the district court, either via a collateral attack or on remand during direct appeal, for determination of the issue. See *State v. Mann*, 274 Kan. 670, 691, 56 P.3d 212 (2002). This is not necessarily true, however, when the challenge addresses a statutory right to counsel or when it deals with an attorney's performance on a K.S.A. 60-1507 motion. See *Brown*, 278 Kan. at 483 (no suggestion that argument must have been raised below). Several Court of Appeals cases addressing this threshold issue have reasoned that, as long as

the record is sufficient or the claim clearly without merit, an appellate court may consider the quality of the assistance provided by K.S.A. 60-1507 counsel for the first time on appeal. See *State v. Paredes*, 34 Kan. App. 2d 346, 348-49, 118 P.3d 708, *rev. denied* 280Kan. 989 (2005) (record sufficient); *Rice v. State*, No. 95,659, unpublished Court of Appeals opinion filed November 9, 2007 (record sufficient); *Corwin v. State*, No. 95,554, unpublished Court of Appeals opinion filed May 11, 2007, *rev. denied* 285 Kan. 1173 (record sufficient); *Stephens v. State*, No. 93,834, unpublished Court of Appeals opinion filed April 7, 2006 (claim without merit). Because the quality of the assistance provided to Robertson by his K.S.A. 60-1507 motion counsel is determinable on the transcript of the nonevidentiary hearing included in the record on appeal in this case, we are able to address this issue without remand to the district court.

There is no constitutional right to effective assistance of counsel in an action pursuant to K.S.A. 60-1507. *Brown*, 278 Kan. at 483 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 [1987]). However, there is a conditional right to counsel protected by statute. *State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980); see K.S.A. 22-4506(b) ("If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person . . . , the court shall appoint counsel . . . to assist such person . . . ."). Once this statutory right to counsel attaches, a movant is entitled to effective assistance of counsel. Appointment of counsel in a K.S.A. 60-1507 proceeding should not be a useless formality. *Brown*, 278 Kan. at 484-85 (overruling, *e.g., McCarty v. State*, 32 Kan. App. 402, 83 P.3d 249 [2004]; *Robinson v. State*, 13 Kan. App. 2d 244, 248-50, 767 P.2d 851, *rev. denied* 244 Kan. 738 [1989]; see also *Holt v. Saiya*, 28 Kan. App. 2d 356, 362, 17 P.3d 368 [2000]; *Foy v. State*, 17 Kan. App. 2d 775, 844 P.2d 744, *rev. denied* 252 Kan. 1091 [1993]).

In *Brown*, the district court appointed counsel to represent Charles D. Brown at a hearing on his K.S.A. 60-1507 motion. Counsel failed to advise Brown of the appointment or the hearing,

did not notify Brown of the district court's subsequent denial of the K.S.A. 60-1507 motion, and did not advise Brown of his right to appeal. Two years later, when Brown learned the fate of his motion, he attempted to appeal the dismissal. On appeal from the denial of Brown's motion to appeal out-of-time, this court held that, by failing to notify Brown of the outcome of the K.S.A. 60-1507 hearing, Brown's counsel had failed to "meet the most minimal of standards" of effectiveness. *Brown*, 278 Kan. at 484.

The court declined to conduct an independent review of the record to determine whether the district court had properly denied the motion on its merits. Noting that Brown had no remedy whatsoever other than an out-of-time appeal, the court reversed and remanded to the district court with instructions to allow the appeal to be filed and promptly forwarded the case to the Court of Appeals for review of the denial of Brown's K.S.A. 60-1507 motion on its merits. *Brown*, 278 Kan. at 485-86.

In this case, Robertson's motion counsel's performance was comparable to the performance of counsel in *Brown*. We acknowledge that the district judge may have contributed to some confusion regarding counsel's role, appearing to suggest that counsel needed to act and could act as a reserve arbiter of the motion, files, and records for the court as much as an advocate for the indigent client. Any such suggestion was not correct. Once appointed, counsel for a K.S.A. 60-1507 motion must, within the stricture of required candor to the court and other ethical rules, pursue relief for the client. If this requires counsel to stand silent or merely to submit the case on the written arguments of that client, so be it. Counsel is simply not free to act merely as an objective assistant to the court or to argue against his or her client's position. That is, unfortunately, what counsel for Robertson did here and what we specifically prohibited in *Brown*.

This brings us to the question of prejudice. Nowhere in the *Brown* opinion did this court discuss a prejudice requirement when a K.S.A. 60-1507 movant has demonstrated ineffective assistance of motion counsel. But, in *Brown*, the existence of legal prejudice was obvious because counsel's poor performance led to a complete forfeiture of Brown's right to a timely appeal. See *State v. Patton*,

287 Kan. 200, 223-25, 195 P.3d 753 (2008) (discussing prejudice arising out of loss of timely direct appeal, standard to be applied when counsel responsible); *Kargus v. State*, 284 Kan. 908, 926, 169 P.3d 307 (2007) (discussing loss of timely petition for review, standard to be applied when counsel responsible).

Shortly after *Brown*, our Court of Appeals mentioned prejudice in extending our holding. In *Campbell*, 34 Kan. App. 2d 8, Campbell filed a K.S.A. 60-1507 motion and was appointed counsel. The district judge held a nonevidentiary hearing without Campbell being present. Motion counsel presented a "detailed, forceful, and effective" argument against her client's position. 34 Kan. App. 2d at 13. The panel's review of the record revealed certain legal issues appearing to warrant an evidentiary hearing, but it was not upon this basis that the panel remanded Campbell's motion for appointment of new counsel and an evidentiary hearing. Rather, the lynchpin and "sole concern" of the panel was that counsel's performance did not "meet the most minimal of standards" required of counsel appointed pursuant to K.S.A. 22-4506(b) to "assist" an indigent client. 34 Kan. App. 2d at 13. The panel wrote:

"[W]e understand the Supreme Court's enunciation of a statutory right to effective counsel in K.S.A. 60-1507 proceedings in *Brown* was extended to an egregious instance of ineffectiveness of counsel that resulted in a highly prejudicial outcome. We view the ineffectiveness in *Brown* as highly prejudicial as it is extraordinary because, unless remedied, it foreclosed a right to appeal. Similarly, in the case before us, court-appointed counsel's advocacy against her client's K.S.A. 60-1507 motion seriously prejudiced Campbell's legal position and, in essence, compelled the district court's adverse judgment. As a result, we believe the Supreme Court's precedent enunciated in *Brown* is applicable to Campbell's unique factual situation." 34 Kan. App. 2d at 13-14.

Thus, the *Campbell* panel applied *Brown* to a situation in which appointed counsel's performance did not lead to a complete forfeiture of a proceeding but in which counsel advocated against an indigent K.S.A. 60-1507 movant's position. This was enough to make counsel's conduct "egregiously ineffective" and "highly prejudicial." 34 Kan. App. 2d at 14.

Since *Campbell*, other decisions of the Court of Appeals, including the one by the panel in this case, have seized on its ref-

erence to prejudice to apply a two-prong test familiar from constitutional claims regarding ineffective assistance of trial and direct appeal counsel to challenges based on the performance of K.S.A. 60-1507 counsel. In fact, the analytical effect of these decisions on the difference between evaluation of counsel that is constitutionally required versus evaluation of counsel that is only statutorily provided for has appeared to be an inflation of the degree of prejudice required for relief in the case of 60-1507 counsel.

For example, in *Corwin v. State*, No. 95,554, the Court of Appeals referred to the two-prong constitutional test for ineffective assistance of counsel, citing *State v. Mathis*, 281 Kan. 99, 109-10, 130 P.3d 14 (2006); it required a showing that counsel's performance was deficient and that the deficient performance resulted in legal prejudice. It then stated that, when a movant asserts that his or her K.S.A. 60-1507 counsel was ineffective, the movant "must meet a higher standard," and must show: "(1) an egregious act that results in (2) a highly prejudicial outcome." *Corwin*, slip op. at 3 (citing *Campbell*); see also *Rice v. State*, No. 95,659, slip op. at 4 ("tepid" representation of K.S.A. 60-1507 counsel "might constitute ineffective assistance"; movant failed to show prejudice; motion successive, untimely; on appeal, "no credible argument to support a finding of manifest injustice . . . or exceptional circumstances"); *Garnes v. State*, No. 94,064, unpublished Court of Appeals opinion filed April 21, 2006, *rev. denied* 282 Kan. 789, slip op. at 10 (on independent review after dismissal of K.S.A. 60-1507 motion, arguments presented in motion lacked merit; even with active advocate, claims would not have prevailed; movant failed to show prejudice from counsel's conduct at K.S.A. 60-1507 hearing); *Stephens*, No. 93,834, slip op. at 6-7 (noting claim of ineffective assistance of 60-1507 counsel not properly raised for first time on appeal; nevertheless, no remand necessary when independent review of record reveals no issues warranting evidentiary hearing).

In this case, the Court of Appeals focused on Robertson's failure to establish prejudice as a result of his K.S.A. 60-1507 motion counsel's performance to uphold the district judge's decision.

We agree that a showing of legal prejudice is required when the performance of statutorily provided counsel on a K.S.A. 60-1507 motion is questioned. This is the sensible holding from both theoretical and practical perspectives—theoretical because we should not require a lesser showing from a litigant attempting to vindicate a statutory right than the showing demanded of a litigant attempting to vindicate a constitutional right, practical because reversal and/or remand when there has been no legal prejudice can usually be characterized as a profligate expenditure of scarce judicial resources. But we disagree with those Court of Appeals panels that have appeared to impose a more rigorous standard of prejudice than that imposed in constitutional cases. The required showing of prejudice is the same.

In this case, no such prejudice can be demonstrated. As the above discussion of his original arguments and of those few that remain alive at this procedural juncture illustrates, there existed no substantial legal issues or triable issues of fact when motion counsel was appointed for Robertson. Indeed, had the district judge elected to refuse to appoint counsel, refuse any hearing, and summarily deny the motion, those decisions could easily have been affirmed on appeal. The motion, files, and records in this case demonstrated as a matter of law that Robertson was not entitled to K.S.A. 60-1507 relief. It is ironic that the district judge's abundance of caution resulted in a performance by unnecessary appointed counsel at an unnecessary nonevidentiary hearing that could not go unaddressed, at some length, by this court.

Adequacy of District Court's Findings and Conclusions on K.S.A. 60-1507 Motion

Robertson's allegation that the district judge's findings and conclusions failed to comport with Supreme Court Rule 183(j) (2008 Kan. Ct. R. Annot. 247) also requires brief treatment. Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo. See *Phillips v. State*, 282 Kan. 154, 178, 144 P.3d 48 (2006).

We agree with the Court of Appeals that the district judge's ruling may be described as "sparse." In a case that opened with

more meat on its bones, it might well have been insufficient to support appellate review. See *Gaudina v. State*, 278 Kan. 103, 107-08, 92 P.3d 574 (2004) (findings and conclusions of district court insufficient to allow review of all claims of ineffective assistance of counsel; remand required for compliance with Rule 183[j]); *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (district court's ruling did not comply with Rule 183[j]); *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002) (boilerplate journal entries do not comply with Rule 183[j]; case remanded for compliance); *State v. Bolden*, 28 Kan. App. 2d 879, 883-84, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001). But the findings and conclusions—especially when considered in light of the judge's additional statements at the hearing, see *Phillips*, 282 Kan. at 178; *Harris v. State*, 31 Kan. App. 2d 237, 239-40, 62 P.3d 672 (2003)—provided an adequate platform for our discussion of and action on Robertson's arguments.

As discussed, the district judge was correct when he tentatively concluded that Robertson was entitled to no relief on any issues he raised. His statements on the record, at the close of the hearing, persuade us that his pattern of analysis was sound.

Affirmed.