NOT DESIGNATED FOR PUBLICATION

No. 116,318

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH EUGENE WILSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Osborne District Court; PRESTON PRATT, judge. Opinion filed August 25, 2017. Affirmed in part and remanded with directions.

*Kenneth E. Wilson*, appellant pro se.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.

PER CURIAM: Without the help of a lawyer, Kenneth Eugene Wilson has appealed the ruling of the Osborne County District Court denying his second habeas corpus motion attacking his 2009 convictions for first-degree murder and several other crimes. Pertinent here, the district court correctly held the second motion was premature to the extent it challenged whether Wilson had been adequately represented by the lawyer handling the appeal of Wilson's first motion because that appeal had yet not been resolved. But as Wilson now points out, the first appeal has since been decided against him, so his complaints are no longer premature. We, therefore, remand those claims to the district court for further proceedings.

1

In his second motion, filed under K.S.A. 60-1507, Wilson also asserted claims that essentially parroted what he had already raised in his first motion. The district court, of course, had denied the first motion and, therefore, found the repetitive part of the second motion to be improper, as well. We do not understand Wilson to have appealed that aspect of the district court's ruling. And, in any event, a district court need not hear successive 60-1507 motions. See K.S.A. 60-1507(c). We affirm that part of the district court's ruling.

The underlying facts of Wilson's crimes, which arose from a pair of home invasions, are irrelevant to the narrow issue before us. The Kansas Supreme Court recounted the evidence presented during the weeklong jury trial in its opinion affirming the convictions and sentences on Wilson's direct appeal. See *State v. Wilson*, 295 Kan. 605, 607-10, 289 P.3d 1082 (2012) (*Wilson I*). After the court denied Wilson's direct appeal, he filed his first 60-1507 motion alleging myriad defects in the case against him and substantial mistakes by the lawyers representing him to that point, rendering his defense constitutionally inadequate in violation of his right to counsel guaranteed in the Sixth Amendment to the United States Constitution. The district court denied Wilson's first 60-1507 motion. Wilson appealed that ruling, and the district court appointed a lawyer to represent him in the appeal.

This court affirmed the district court's denial of the first 60-1507 motion. *Wilson v. State*, No. 111,962, 2015 WL 5311404, at *6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1023 (2016). Wilson's appellate lawyer then filed a petition for review with the Kansas Supreme Court on October 5, 2015. The petition was denied on June 21, 2016, and the mandate was issued on July 1.

Wilson drafted the second 60-1507 motion himself and filed it in the district court on March 16, 2016. As we have explained, Wilson included claims matching those in his

2

first motion and added claims challenging the performance of the lawyer handling the appeal of the first motion. The district court filed an order on May 20, 2016, summarily denying Wilson's second 60-1507 motion. In a single sentence, the district court noted the claims against the appellate lawyer and denied them, stating simply that the appeal of the first motion "is still pending." The district court did not make any findings of fact or conclusions of law regarding those claims and offered no alternative ground for dismissing them. Wilson timely filed a notice of appeal but did not promptly submit a docketing statement. This court permitted Wilson to docket his appeal out of time on August 19. Ten days later, Wilson filed the brief he had prepared himself. Wilson focuses his appellate argument on the claims against the lawyer handling the appeal of his first 60-1507 motion and asks that those claims be returned to the district court for further consideration.

We begin our analysis with a look at how the principle of ripeness limits the authority of courts in resolving disputes. Courts do not decide abstract or hypothetical legal issues. Rather, they resolve existing legal disagreements between real parties. A dispute must be sufficiently defined and immediate by presenting what purports to be an actual injury for which the law provides a remedy. If a disagreement has not yet attained that degree of concreteness, the courts typically will treat a legal action concerning the matter as premature. See *KNEA v. State*, 305 Kan. 739, 748, 387 P.3d 795 (2017); *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008). And the action will be dismissed until the disagreement becomes concrete. In legal jargon, a dispute sufficiently fixed to be litigable is said to be "ripe." The Kansas Supreme Court treats ripeness as a necessary component of subject-matter jurisdiction, meaning a court lacks the authority to consider a matter that is not ripe. *KNEA*, 305 Kan. at 748.

Without using that term, the district court correctly dismissed Wilson's claims against the lawyer handling the appeal of his first 60-1507 motion because they were not ripe. When the district court acted, the Kansas Supreme Court had not yet ruled on the

3

petition for review of the denial of Wilson's first 60-1507 motion. Accordingly, there remained some chance the appellate lawyer would obtain relief for Wilson on his first motion. If that happened, then the lawyer could not be found to have provided substandard representation. See *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (Sixth Amendment violation requires proof of inadequate representation and actual prejudice); *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* standard). In short, success pretty much negates an ineffectiveness claim. So until the lawyer handling the appeal of the first 60-1507 motion failed to get relief for Wilson and had no further avenues of recourse, any claims based on her purportedly inadequate representation would not be ripe.

Wilson's claims against the lawyer handling the appeal of his first 60-1507 motion are actually grounded in a limited statutory right to counsel in those civil proceedings rather than the constitutional right applicable in criminal cases. See *Albright v. State*, 292 Kan. 193, 207, 251 P.3d 52 (2011); *Robertson v. State*, 288 Kan. 217, 228-32, 201 P.3d 691 (2009). But once the statutory right to counsel attaches, as it did here, the representation must be adequate, and the Kansas courts are to apply the *Strickland* test to measure adequacy. *Robertson*, 288 Kan. at 231-32; *Rojas v. State*, No. 113,095, 2016 WL 765414, at *1 (Kan. App. 2016) (unpublished opinion), *rev. denied* ___ Kan. ___ (April 17, 2017).

Having dismissed the claims in Wilson's second 60-1507 motion against the appellate lawyer handling his first 60-1507 motion as premature, the district court had no jurisdiction to consider them further. The district court, therefore, also correctly declined to make any detailed findings of fact or conclusions of law about their substance. See *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012); *In re T.A.B.*, No. 113,609, 2015 WL 8590161, at *1 (Kan. App. 2015) (unpublished opinion) ("A court without

4

subject matter jurisdiction has the authority to decide only its lack of authority to decide anything else.").

But, as we know, after the district court ruled and before Wilson filed his appeal, the dispute over the adequacy of his representation in the appeal of his first 60-1507 motion became ripe when the Kansas Supreme Court denied the petition for review and the mandate was issued. So, while the district court was correct when it ruled, the circumstances have changed, and the jurisdictional bar to those claims no longer exists. In his appeal, Wilson asks that the claims regarding the lawyer handling the appeal of his first 60-1507 motion be remanded, although he relies primarily on the district court's failure to make findings and conclusions on those claims rather than zeroing in on the jurisdictional reason for their absence. Wilson's basic procedural request for remand has merit under the circumstances.

We, therefore, affirm the district court's denial of that portion of Wilson's second 60-1507 motion functionally replicating the claims he made in his first 60-1507 motion and remand for further proceedings on the new claims in the second motion regarding the representation provided by the lawyer handling the appeal of the first motion.

Affirmed in part and remanded in part with directions.