NOT DESIGNATED FOR PUBLICATION

No. 115,778

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROGER DOYLE AUSTIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Montgomery District Court; ROGER L. GOSSARD, judge. Opinion filed November 17, 2017. Vacated and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Roger Doyle Austin appeals from the denial of his K.S.A. 60-1507 motion. He alleges the attorney appointed by the district court to represent him for purposes of his motion had a conflict of interest. He further alleges that the prior attorneys who represented him at various stages of the proceedings were ineffective, primarily due to their failure to seek suppression of the evidence against him.

We find the district court abused its discretion by failing to conduct an appropriate inquiry into the appointed attorney's potential conflict of interest. We therefore vacate the

1

order denying Austin's K.S.A. 60-1507 motion and remand the case for appointment of conflict-free counsel and reconsideration of the motion.

*Factual and Procedural Background*

The factual and procedural background for Austin's underlying convictions and sentence was summarized in *State v. Austin*, No. 105,612, 2012 WL 3135714, at *1 (Kan. App. 2012) (unpublished opinion). This court determined that the district court had not abused its discretion by denying Austin's motion to withdraw his plea. 2012 WL 3135714, at *4-6. Austin then filed a K.S.A. 60-1507 motion primarily alleging the search that resulted in his arrest was illegal and his prior trial and appellate attorneys were ineffective for having failed to pursue this issue.

The district court appointed counsel for Austin, conducted an evidentiary hearing, and took the matter under advisement. In a memorandum decision, the district court denied Austin's motion finding that the search which led to Austin's arrest was legal, the attorneys who represented Austin had done an excellent job, and confirmed Austin's guilty plea was fairly and freely given.

Austin now appeals from this disposition of his K.S.A. 60-1507 motion.

*Timeliness*

The State first contends Austin's K.S.A. 60-1507 motion was untimely because it was filed more than one year after the termination of Austin's direct appeal. We are at a loss to understand on what the State bases this contention because no dates are set forth in support of its position that Austin filed his motion "almost three years after the mandate was issued from his appeal."

2

The record would support a finding that Austin's direct appeal process did not end until at least June 14, 2013, when the Kansas Supreme Court declined to review the case. The mandate was issued on June 19, 2013. Austin filed his motion on May 29, 2014, well within the one-year time limit of K.S.A. 60-1507(f). Thus, the district court had jurisdiction to hear the motion, and we have jurisdiction to consider his timely appeal.

*Conflict of Interest*

Austin first argues that his appointed counsel had a conflict of interest which should have precluded his representation of Austin in the 60-1507 proceeding.

The appointed attorney raised the issue before the district court. He disclosed that he had represented one of Austin's codefendants during the original criminal action and the record would indicate that he was currently representing that former codefendant in a matter not involving Austin. At a subsequent appearance, the attorney advised the court he had written to "his client" and that "he wants me to stay on the case." Apparently, this correspondence was with the former codefendant. The written correspondence is not in the record on appeal, nor is there any written response from "the client" on record.

There is no indication as to what, if anything, the attorney discussed with or explained to Austin regarding the potential conflict, nor is there any written waiver of conflict executed by Austin. Austin was not present when the district court and counsel had their brief colloquy, and the district court made no further inquiry on the record before determining that the appointed attorney had no disqualifying conflict.

Although no constitutional right to counsel exists for K.S.A. 60-1507 proceedings, a statutory right to counsel exists under the conditions set forth in K.S.A. 22-4506(b). See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009). The right of effective

3

assistance of counsel includes representation that is unimpaired by conflicts of interest. *State v. McDaniel*, 306 Kan. 595, 606, 395 P.3d 429 (2017).

Here, Austin alleges that at the preliminary hearing in the original criminal action, the attorney, who was then representing the codefendant, had attempted to shift blame solely to Austin as the manufacturer of methamphetamine. This accusation could certainly have engendered an apparent conflict with the attorney, now appointed to represent Austin's interests in the collateral 60-1507 proceeding. Further, it appears that the appointed attorney had raised a suppression motion on behalf of the codefendant during the criminal case which had been denied by the district court. Reasonable persons could certainly question the attorney's objectivity and effectiveness in advocating Austin's position that his prior attorneys should have raised and/or appealed the same suppression issue which the attorney himself had raised and lost.

However, the point is not whether the appointed attorney *actually* had a conflict of interest, but whether the district court conducted an appropriate inquiry. We have no record before us which would suggest what, if any, factors or evidence the district court considered in summarily concluding that no conflict of interest existed. Austin was never accorded any opportunity to voice before the district court the concerns which he now raises on appeal. This is not one of those cases where we may presume from an inadequate record that the district court made the appropriate findings to support its conclusions. See *State v. Neighbors,* 299 Kan. 234, 240, 328 P.3d 1081 (2014); Kansas Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214). The memorandum decision issued by the district court does not even suggest that the conflict issue was ever raised or ruled upon.

The very fact that appointed counsel had represented a codefendant in Austin's underlying criminal case should have raised a red flag alerting the district court to a prima facie situation of potential conflict. When coupled with counsel's own initial

4

caution, it is clear that the district court was required to make an appropriate inquiry regarding the appointed attorney's possible conflict of interest in order to ensure that Austin's statutory right to counsel would not be violated; the failure to make such inquiry constitutes an abuse of discretion. *State v. Stovall*, 298 Kan. 362, Syl. ¶ 2, 312 P.3d 1271 (2013). Further, a party claiming a conflict of interest that affected the adequacy of his counsel's representation need not establish that the error affected the outcome of the proceeding. *Stovall*, 298 Kan. 362, Syl. ¶ 5.

The judgment of the district court denying Austin's K.S.A. 60-1507 motion is vacated, and the case is remanded for appointment of conflict-free counsel and reconsideration of Austin's motion.

Vacated and remanded with directions.