NOT DESIGNATED FOR PUBLICATION

No. 122,100

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW PEREZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court, BRADLEY E. AMBROSIER, judge. Opinion filed May 14, 2021. Affirmed.

*Kelly Premer-Chavez*, of Tahirkheli & Premer-Chavez Law Office LLC, of Liberal, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Matthew Perez appeals the trial court's denial of his K.S.A. 60-1507 motion. In his motion, he alleged that his trial counsel coerced him to take a plea deal and did not advise him about his criminal history score. After an evidentiary hearing, the trial court denied his motion. Because appellate courts do not make witness credibility determinations, we affirm.

In May 2017, Perez moved to correct an illegal sentence. The Seward County District Court held an evidentiary hearing on the motion in April 2019. The facts of the underlying case are as follows.

1

The State charged Perez with seven counts: aggravated kidnapping, in violation of K.S.A. 21-3421; aggravated robbery, in violation of K.S.A. 21-3427; conspiracy to commit aggravated robbery, in violation of K.S.A. 21-3302; aggravated assault, in violation of K.S.A. 21-3410; theft, in violation of K.S.A. 21-3701; criminal restraint, in violation of K.S.A. 21-3424; and battery, in violation of K.S.A. 21-3412. All charges arose from a carjacking that left the victim, a physically handicapped man, injured and abandoned in a snowy field without his wheelchair.

The trial court appointed Grover Bryan to represent Perez. Paul Kitzke replaced Bryan. The court scheduled a jury trial for January 18, 2011. On the first day of trial, the State requested a continuance to find a material witness and the court granted the request. The court rescheduled trial for April 18, 2011. Charles O'Hara entered his appearance on March 2. O'Hara represented Perez at his April 14 arraignment, four days before the jury trial was scheduled to begin.

Perez met with O'Hara sometime after his entry of appearance. At the evidentiary hearing on the present motion, Perez testified that O'Hara asked if he could request a continuance of the trial because he did not have time to prepare for the jury trial because of his caseload. Perez agreed to the continuance, but the trial court refused to continue the trial. No motion for continuance appears in the record. When Perez testified at the evidentiary hearing on his 60-1507 motion, he acknowledged that there is no motion for continuance in the record. He claimed instead that O'Hara made an oral motion. Perez requested a transcript of the hearing on the motion for continuance, but no record of such a hearing exists. O'Hara did not request a continuance in any of the transcripts which are included in the record.

According to Perez, he wanted to take his case to trial because he was innocent, but O'Hara advised him to take a plea deal. Perez testified that O'Hara told him to "step

up and be a man" and take the plea deal. Perez also stated that O'Hara told him not to let anyone know that they were arguing.

O'Hara testified at the evidentiary hearing on the present motion. O'Hara's testimony does not entirely agree with Perez' testimony. O'Hara testified that he discussed a plea deal with Perez on more than one occasion. O'Hara, however, denied ever telling Perez that he was not prepared for trial. O'Hara further clarified that he did not tell Perez to take the plea deal because he was unprepared for trial. According to O'Hara, he discussed Perez' criminal history score with him, telling him that it was not clear whether his score was A or B.

O'Hara also testified that, in his opinion, Perez voluntarily entered the plea because he thought that it was the best thing to do. O'Hara stated that what concerned him during plea negotiations was that Perez' codefendants were receiving prison sentences of more than 20 years. Under the plea agreement offered to Perez, the worst sentence he would receive was less than 13 years.

Perez entered a plea of no contest to aggravated assault and conspiracy to commit aggravated robbery. Perez did not complain or raise issues about O'Hara's representation. The parties stipulated that Perez' criminal history would either be A or B and that neither side would challenge the criminal history score. The State told the trial court that the crux of the plea agreement was the length of sentence, explaining the following: "[T]he parties agree, if it's necessary, to jointly recommend whatever mitigated, medium, or aggravated numbers in the boxes to get to the recommendation of 138 months." The court then ordered a presentence investigation (PSI) report.

The PSI showed a criminal history score of A and included Perez' previous juvenile adjudications in the calculation. The State followed the plea agreement and recommended a sentence of 138 months in prison. O'Hara explained that he had gone

3

through Perez' criminal history with the help of a presentence investigator to determine that the score was, in fact, A. O'Hara asked the trial court to follow the recommendations of the plea agreement. The trial court asked Perez if he agreed with his criminal history score and Perez said yes. The trial court then rejected the plea agreement, ruling as follows:

> "Mr. Perez, as I've told your other co-defendants as they appeared in front of me for sentences generally I give great deference to plea agreements reached between the prosecutor's office and the Defendant; however, you and your co-defendants fall in a special category that I will not go along with that. What you did in Seward County is a particularly heinous crime. Therefore, I'm sending you to prison for as long as I can. Count 1 and Count 2 are ordered to run consecutively."

The trial court then sentenced Perez to the aggravated sentence on both convictions, running them consecutively, for a total of 149 months in prison.

In March 2013, Perez moved to correct an illegal sentence. After Perez' successful challenge to his sentence, the trial court resentenced him in March 2014 to 141 months in prison.

Perez then filed the present K.S.A. 60-1507 motion, alleging ineffective assistance of counsel. The trial court held a preliminary hearing on the motion with only counsel present before denying Perez' motion. On appeal, this court remanded, ruling that Perez' allegations warranted an evidentiary hearing. *Perez v. State*, No. 118,464, 2018 WL 5728353 (Kan. App. 2018) (unpublished opinion). The trial court held an evidentiary hearing in April 2019 and denied Perez' motion.

Perez timely appeals.

*Was Perez' Trial Counsel Ineffective in Advising Him on a Plea Agreement and Investigating Perez' Criminal History Score?*

Perez argues that O'Hara was ineffective trial counsel for two reasons: (1) O'Hara was unprepared for trial, and when the trial court denied his request for continuance, he pressured Perez into taking a plea deal; and (2) O'Hara failed to investigate Perez' criminal history and he provided inaccurate advice about the legal effect of his criminal history score.

A trial court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The standard of review depends upon which of these options a trial court used. 308 Kan. at 504.

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the trial court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239). An appellate court reviews the court's findings of fact to determine if they are supported by substantial competent evidence and if they are sufficient to support the court's conclusions of law. Appellate review of the trial court's ultimate conclusions of law is de novo. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

Whether the trial court's findings of fact and conclusions of law comply with Rule 183(j) is a question of law that is reviewed de novo. See *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

Perez fails to present a claim for this court to adjudicate. His arguments are nearly identical to his previous arguments to this court before remand. See *Perez*, 2018 WL 5728353. He simply asserts that O'Hara pressured him to "be a man" and take the plea deal. Perez also contends that O'Hara was ineffective for not counseling him on his criminal history score and not objecting to his criminal history score at sentencing. This court has already agreed that Perez' claims presented a colorable claim of constitutionally ineffective legal assistance and resulting prejudice. 2018 WL 5728353, at *2-3. Thus, this court remanded the case for an evidentiary hearing so that Perez could support his claims of ineffective assistance of counsel with evidence.

The trial court has now held an evidentiary hearing, considered and weighed the evidence, and denied Perez' motion. The trial court's findings of fact were unequivocal, stating as follows: "Based upon the testimony they each presented, the Court has absolutely no difficulty finding Mr. O'Hara's version of events to be believable and Mr. Perez's version to be completely unbelievable. Mr. Perez has failed as a matter of fact to prove his claims to this Court." Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

On appeal, Perez simply presents his claims again, without referencing the trial court's findings of fact. Perez fails to argue that the trial court's findings of fact are not supported by substantial competent evidence. Perez also presents no arguments on whether the trial court's findings of fact and conclusions of law comply with Rule 183(j). An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). Although Perez fails to argue the point, the evidentiary hearing supports the trial court's findings with substantial competent evidence. Perez' unsupported factual assertions at the hearing show that he was, as the trial court said, "completely unbelievable."

In particular, Perez' claim that O'Hara requested a continuance because he was unprepared for trial is not credible given that no written motion appears in the record and the hearing transcripts show that O'Hara did not make the request for continuance orally. Thus, Perez' minor premise that O'Hara forced him to accept the plea agreement because O'Hara was unprepared for trial is inadequately grounded. It fails to show why the trial court, or this court, should accept his minor premise as true.

Further, the transcript of the plea hearing also provides substantial competent evidence supporting the trial court's findings. Before accepting Perez' plea, the trial court asked him if he had any complaints about his counsel and Perez said no. The trial court also asked Perez if he agreed with his criminal history score and he said yes. The record as a whole supports the trial court's findings of fact with substantial competent evidence.

*Did Perez Timely File His Motion?*

Perez argues that his K.S.A. 60-1507 motion was timely filed. The trial court stated that it did not need to address the issue of timeliness because its factual findings determined the case on the merits. Nevertheless, the trial court ruled that Perez' motion was untimely. On appeal, the State "makes no argument or comment" on the issue of timeliness.

This court has interpreted the one-year limitation set forth in K.S.A. 2020 Supp. 60-1507(f)(1) as an affirmative defense that must be raised or else it is waived. See, e.g., *Perez*, 2018 WL 5728353, at *1; *State v. Bush*, No. 107,935, 2014 WL 1302607, at *4 (Kan. App. 2014) (unpublished opinion). On appeal, the State does not argue that the trial court erred by reaching the merits of the case instead of dismissing the motion as untimely. An issue not briefed is deemed waived or abandoned. *Arnett*, 307 Kan. at 650.

Affirmed.