NOT DESIGNATED FOR PUBLICATION

No. 116,765

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL LAWRENCE RANDOLPH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed December 8, 2017. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

PER CURIAM: Michael Lawrence Randolph appeals the Wyandotte County District Court's summary dismissal of his K.S.A. 60-1507 motion. Finding no error by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury convicted Randolph of rape of a child under 14. After denying his departure motion, the district court sentenced Randolph to life in prison with no chance

of parole for 25 years, pursuant to Jessica's Law. See K.S.A. 21-4643. This sentence also included lifetime postrelease supervision if Randolph were granted parole. Randolph appealed.

In his direct appeal, Randolph raised challenges to (1) an alternative means jury instruction issue, (2) the voluntariness of his confession, and (3) the admission of testimony indicating that it was not possible to draw a conclusion about whether a sex crime occurred simply because DNA testing did not suggest this possibility. Our Supreme Court found Randolph's first two alleged trial errors meritless and declined to address his third alleged trial error because it was not properly preserved for review by a contemporaneous objection at trial. *State v. Randolph*, 297 Kan. 320, 324-35, 301 P.3d 300 (2013).

Randolph also raised several sentencing issues in his direct appeal, but our Supreme Court found only two with merit. 297 Kan. at 336. First, the court found that the district court erred in denying Randolph's departure motion because the district court relied on the general departure factors provided in the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., rather than the departure factors unique to a Jessica's Law sentence. 297 Kan. at 336-38. The court also found Randolph's lifetime postrelease supervision order to be incorrect. Because Randolph was eligible for parole, lifetime postrelease supervision did not apply. 297 Kan. at 338. The court affirmed his conviction but vacated Randolph's sentence and remanded for resentencing. 297 Kan. at 338.

The district court resentenced Randolph on July 25, 2013, and again imposed a life prison sentence but did not impose lifetime postrelease supervision. During resentencing the district court again denied Randolph's motion for a departure to a grid sentence yet did so through the application of the correct departure factors. Randolph did not appeal this sentence.

2

On July 31, 2014—one year and six days after resentencing—Randolph filed his present pro se motion pursuant to K.S.A. 60-1507. In his motion, Randolph raised the following issues: (1) The district court erred by not suppressing his confession; (2) the district court abused its discretion by not granting his departure motion at his resentencing hearing; (3) the district court erred by not dismissing his case for lack of evidence; and (4) his trial counsel provided ineffective assistance. The State filed a response, conceding the timeliness of the motion but requesting summary dismissal, arguing the court records conclusively demonstrated that Randolph was not entitled to relief.

The district court summarily denied Randolph's motion, holding (1) his motion was untimely and Randolph failed to establish facts that would support a finding of manifest injustice for the court to extend the statute of limitations and (2) even if there were such a showing, Randolph's claims were meritless.

Randolph timely appeals.

DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING
RANDOLPH'S K.S.A. 60-1507 MOTION?

On appeal, Randolph argues the district court erred in summarily dismissing his K.S.A. 60-1507 motion.

A district court has three options when reviewing a 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the

3

motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. When the district court summarily denies a K.S.A. 60-1507 motion, as is the case here, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

To be entitled to relief under K.S.A. 2016 Supp. 60-1507, the movant must establish by a preponderance of the evidence that (1) "the judgment was rendered without jurisdiction;" (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack," or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2016 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222). To avoid the summary denial of a 60-1507 motion, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Sprague*, 303 Kan. at 425. If such a showing is made, the district court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]). However,

> "[a] proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided

4

exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223).

Randolph specifically argues that the district court erred in dismissing his motion because the motion was timely and presented "potentially meritorious" claims. We will address each issue in turn.

A.     *The timeliness of Randolph's 60-1507 motion*

The district court first denied Randolph's motion on the basis of untimeliness under K.S.A. 2016 Supp. 60-1507(f)(1) because the motion was filed one year and six days after Randolph's resentencing.

> "The interpretation of statutes is a question of law over which an appellate court exercises unlimited review. When courts are called upon to interpret statutes, the fundamental rule governing that interpretation is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. For this reason, when the language of a statute is plain and unambiguous, courts need not resort to statutory construction. Instead, an appellate court is bound to implement the legislature's expressed intent." *State v. Arnett*, 290 Kan. 41, Syl. ¶ 1, 223 P.3d 780 (2010).

K.S.A. 2016 Supp. 60-1507(f) states, in part:

> "*Time limitations.* (1) Any action under this section must be brought within one year of:
> (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> (B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The Kansas Supreme Court previously interpreted this statute in *Baker v. State*, 297 Kan. 486, Syl. ¶ 1, 303 P.3d 675 (2013): "When a defendant's conviction is affirmed on direct appeal but the case is remanded for resentencing, the 1-year time limitation for bringing an action under K.S.A. 60-1507 begins to run after the period for taking a direct appeal from the new sentence expires."

Thus, Randolph had one year and 14 days from his resentencing to file a timely motion under K.S.A. 60-1507. Because he filed his motion one year and six days after resentencing, the district court erred in denying Randolph's motion as untimely. However, the district court also held that even if Randolph's motion were timely, he was not entitled to an evidentiary hearing because "the claims asserted by the plaintiff were either addressed in his direct appeal or constitute trial errors, which should have been raised on direct appeal." Accordingly, we must examine the merits of Randolph's claims.

B. *The merits of Randolph's K.S.A. 60-1507 motion*

In his 60-1507 motion, Randolph asserted the following grounds for relief: (1) The district court erred by not suppressing his confession; (2) the district court abused its discretion by not granting his departure motion at his resentencing hearing; (3) the district court erred by not dismissing his case for lack of evidence; and (4) his trial counsel provided ineffective assistance by failing to make a contemporaneous objection and thus preserving his alleged DNA trial error raised in his direct appeal and by failing to call an expert to testify about child-witness interview techniques.

1. *The admission of Randolph's confession*

First, Randolph's motion asserts the district court erred by not suppressing his confession because it was "coerced and false." However, the admission of Randolph's confession and its voluntariness was fully litigated on his direct appeal and, thus, cannot

form the basis of a K.S.A. 60-1507 motion. *Randolph*, 297 Kan. at 326-34; see *Robertson v. State*, 288 Kan. 217, 223, 201 P.3d 691 (2009). The district court did not err in summarily dismissing this claim.

2.    *The denial of Randolph's downward durational departure motion*

Second, Randolph's motion asserts that the district court erred in denying his departure motion at his resentencing. Again, Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Exceptional circumstances have been defined to include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013).

Here, Randolph did not appeal the district court's denial of his departure motion after his resentencing, and his K.S.A. 60-1507 motion alleges no exceptional circumstances which prevented a direct appeal after resentencing. Without such a showing of exceptional circumstances, an issue that could have been raised on direct appeal cannot be raised for the first time in a K.S.A. 60-1507 motion. See *Robertson*, 288 Kan. at 224; Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222). The district court did not err in summarily dismissing this claim.

3. *Failure to dismiss the case for insufficient evidence*

Third, Randolph argues that the district court erred by not dismissing his case for lack of evidence. But like his claim that the district court erred by denying his motion for a downward durational departure, such a claim is not properly raised for the first time in a K.S.A. 60-1507 motion. This argument should have been raised in a direct appeal, and Randolph makes no showing of exceptional circumstances preventing him from bringing this issue in his prior direct appeal. See *Robertson*, 288 Kan. at 224; Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222). The district court did not err in summarily dismissing this claim either.

4. *Ineffective assistance of counsel*

Finally, Randolph argues that his trial counsel was ineffective. Specifically, he argues his trial counsel was ineffective because counsel failed to preserve an issue for direct appeal by failing to make a contemporaneous objection at trial to the admission of certain evidence and counsel failed to call an expert to testify regarding child-witness interview techniques.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law requiring de novo review. *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011). We review the "underlying factual findings for substantial competent evidence and the legal conclusions based on those facts de novo." *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009).

To prevail on a claim of ineffective assistance of counsel, a movant must establish "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales*, 300 Kan.

at 882. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. See *Sprague*, 303 Kan. at 426.

i.   *Failure to object to testimony regarding DNA evidence*

On direct appeal, Randolph argued:

"[T]he trial court erred in admitting the testimony of several witnesses who explained they could not draw a conclusion about whether there had been a sex crime committed just because testing did not reveal semen or the DNA of anyone other than [the victim]. In this testimony, for example, a witness explained that 'DNA actually goes away really quickly on the body' of a prepubescent child and that 'saliva often degrades really quickly.'" *Randolph*, 297 Kan. at 334.

However, Randolph's trial counsel did not contemporaneously object to the admission of this evidence. Because of this, our Supreme Court held the issue was not properly preserved for appeal and did not reach the merits of Randolph's argument. 297 Kan. at 335. In his present motion, Randolph alleges his counsel was ineffective for failing to lodge a contemporaneous objection to these statements and that had his trial counsel done so the Supreme Court "may have ruled on that issue, possibly in [his] favor." We are unpersuaded.

9

Assuming without deciding that his trial counsel was ineffective for failing to object to the admission of these statements, Randolph cannot meet his burden to show prejudice. Again, to establish prejudice, the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. See *Sprague*, 303 Kan. at 426. Had these statements been excluded the jury would have been left with the witnesses' statements that none of Randolph's DNA was found on the victim, which admittedly would have left the jury with an inference favorable to Randolph but not enough to undermine our confidence in the outcome. Randolph does not tell us how the exclusion of such evidence would have altered the result, and, as we explain below, the evidence supporting his conviction was overwhelming.

ii.    *Failure to call a "child witness expert" regarding child interviewing techniques*

Finally, Randolph alleges that his trial counsel was ineffective for failing to call an expert witness who could testify at trial about the accuracy of child interviewing techniques. In support of this allegation he cites *Chubb v. State*, No. 99,912, 2009 WL 929136 (Kan. App. 2009) (unpublished opinion), asserting that it establishes a rule that failure to hire an expert on interviewing techniques is ineffective assistance of counsel. *Chubb*, relying on *Mullins v. State*, 30 Kan. App. 2d 711, 46 P.3d 1222, *rev. denied* 274 Kan. 1113 (2002), held that given the potential for prejudice when the case "depends on the children's testimony without any physical evidence," Chubb should have been allowed the opportunity to develop and support his argument at an evidentiary hearing on his 60-1507 motion. 2009 WL 929136, at *3.

In *Mullins*, our court held: "*Under the facts of this case*, . . . (1) Defense counsel was ineffective in failing to ever consider hiring an expert, either for use at trial or for use

in preparation of cross-examination of the State's witnesses." (Emphasis added.) 30 Kan. App. 2d 711, Syl. ¶ 3. Although other cases since *Mullins* have remanded a movant's K.S.A. 60-1507 motion for evidentiary hearing, *Mullins* does not establish a bright-line rule that *all* instances of a counsel's failure to secure and utilize an expert on child-witness interview techniques equates to deficient representation. See, e.g., *Chubb*, 2009 WL 929136, at *1. But see *Hall v. State*, No. 109,168, 2014 WL 1096748, at *7-9 (Kan. App. 2014) (unpublished opinion) (declining to extend *Mullins* under facts presented); *Westerman v. State*, No. 94,627, 2006 WL 2440003, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 282 Kan. 797 (2006) (same); *Snavely v. State*, No. 89,156, 2003 WL 22430275, at *2 (Kan. App. 2003) (same). In fact, the *Mullins* court specifically limited its holding to the facts of that case, highlighting three important sets of facts: (1) There were no visual signs of sexual abuse and no witnesses to the alleged offenses, and, consequently, Mullins was convicted primarily on the testimony of the child-victim; (2) the victim's physical exam was normal; and (3) no expert was called to rebut the victim's or nurse's testimony. 30 Kan. App. 2d at 712.

The case at hand is more like *Westerman* where, at trial, the movant testified that he had touched the victim. Here, as in *Westerman*, the conviction was not based primarily on the testimony of the child-victim. Although there was no expert called to rebut the testimony presented by the victim or physician assistant and the victim's exam was normal, at trial, the victim's brother, who was sleeping next to his sister when the rape occurred, witnessed it, testified, and corroborated his sister's testimony. One of the other individuals who was sleeping at the house the night of the rape also testified that the victim went to bed clothed, and when she woke up he observed her pants and underwear in the corner of the room. Additionally, and perhaps most damning, is Randolph's confession to the crime. In the recording, which was played for the jury, Randolph confessed to digitally penetrating the victim. Our Supreme Court held this confession was voluntary and properly admitted at trial. *Randolph*, 297 Kan. at 326-34. Given this, we

cannot find that Randolph's counsel was ineffective for failing to secure an expert on child interview techniques.

But even if we were to assume a deficiency on trial counsel's part, given the valid admission of Randolph's confession to the crime and the other supporting evidence, Randolph cannot meet his burden in establishing he was prejudiced. He makes no showing of a reasonable probability that, but for counsel's deficient performance, the outcome of the trial would have been different. There was no error in the district court's dismissal of Randolph's K.S.A. 60-1507 motion.

Affirmed.