NOT DESIGNATED FOR PUBLICATION

No. 119,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CARL MITCHELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed February 1, 2019. Affirmed.


*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.


*Barry K. Disney*, senior deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., MALONE and LEBEN, JJ.


PER CURIAM:  Carl A. Mitchell appeals the district court's summary denial and dismissal of his motions for relief pursuant to K.S.A. 60-1507. Mitchell argues (1) that the Kansas Supreme Court's decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), violates the Ex Post Facto Clause of the United States Constitution; (2) that application of House Bill 2053, later codified at K.S.A. 2017 Supp. 21-6810, which was the legislative response to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), also violates the Ex Post Facto Clause; and (3) the district court failed to comply with the requirements of Supreme Court Rule 183(j) (2019 Kan. S.

1

Ct. R. 228) with respect to Mitchell's claim that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. Finding that the district court did not err in summarily denying Mitchell's K.S.A. 60-1507 motions, we affirm.

In 1996, pursuant to a plea agreement, Mitchell pled no contest to and the district court convicted him of aggravated kidnapping, rape, aggravated criminal sodomy, and aggravated sexual battery. *State v. Mitchell*, No. 102,012, 2010 WL 2545661, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 290 Kan. 1100 (2010). His criminal history consisted of out-of-state convictions:  nine person felonies, four committed as an adult and five committed as a juvenile. The district court determined that Mitchell's criminal history score was A, so it sentenced him to a controlling term of 461 months' imprisonment. Mitchell did not pursue a direct appeal. 2010 WL 2545661, at *1.

In 2008, Mitchell filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504(1), arguing that his sentence had been improperly calculated. 2010 WL 2545661, at *1. He also sought to withdraw his pleas under K.S.A. 22-3210(d), arguing that he had not been properly advised of the potential sentencing range for the rape charge. 2010 WL 2545661, at *1. The district court denied Mitchell's motion, and this court affirmed. 2010 WL 2545661, at *2-4.

In 2014, after the Kansas Supreme Court's ruling in *Murdock*, Mitchell filed a second pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504. Therein, he argued that under *Murdock*, his criminal history score was incorrect because it was calculated by classifying his pre-1993 out-of-state convictions as person felonies instead of nonperson felonies. The district court appointed counsel to represent Mitchell and held a hearing at which both parties presented oral argument. After the hearing, the district court denied Mitchell's motion, holding that *Murdock* was not retroactive and did not apply to Mitchell's case. Mitchell appealed.

2

While Mitchell's appeal was pending, the Kansas Supreme Court issued its opinion in *Keel*, overruling *Murdock*. See 302 Kan. at 589. Shortly thereafter, this court issued a show-cause order directing Mitchell to "show cause, by written response . . . why the above-captioned appeal should not be summarily affirmed under [Supreme Court] Rule 7.041 and *State v. Keel*." In response, Mitchell acknowledged that *Keel* overturned *Murdock*, but he summarily asserted that *Keel* was wrongly decided. On October 16, 2015, this court issued an order noting Mitchell's response and summarily affirming the district court under Rule 7.041 (2015 Kan. Ct. R. Annot. 67) and *Keel*.

On February 28, 2017, Mitchell filed a pro se motion to vacate sentence, arguing again that *Keel* was wrongly decided and that *Keel* and House Bill 2053, now codified at K.S.A. 2017 Supp. 21-6810, violate his due process rights, his equal protection rights, and the Ex Post Facto Clause of the United States Constitution. He also contended that his sentence violated the Eight Amendment's prohibition on cruel and unusual punishment by using his juvenile record to calculate his criminal history score. On March 15, 2017, Mitchell filed a pro se motion pursuant to K.S.A. 60-1507, raising largely the same issues.

On April 5, 2017, the district court issued an order denying Mitchell's motions and dismissing the case. The district court noted that *Keel* overruled *Murdock* and that Mitchell had argued in his earlier appeal to this court that *Keel* was wrongly decided, yet this court had summarily affirmed the district court in that appeal. The district court concluded:

> "[T]he two issues raised [by Mitchell] were decided in *Keel*. Classifying a prior conviction based on the classification in effect for the comparable offense when the current crime was committed does not change the penalty imposed for the earlier conviction and thus complies with the Ex Post Facto Clause of the United States Constitution. See *Keel*[, 302 Kan. at 589]."

3

Moreover, the district court noted that Mitchell argued "that his juvenile convictions . . . were not scored appropriately," but because Mitchell "had a criminal history with four (4) person felonies committed as an adult, his juvenile convictions had no bearing on his criminal history." Mitchell filed a motion for reconsideration, which the district court denied on April 26, 2017. Mitchell appealed.

Where, as here, a district court determines that the motion, files, and case records conclusively show that the 60-1507 movant is not entitled to relief, the district court may deny the motion summarily, without a hearing. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). On appeal, we review such a summary denial de novo to determine whether the motion, files, and records of the case conclusively establish that relief is unavailable to the movant. 300 Kan. at 881.

Mitchell first argues that *Keel* is unconstitutional because it violates the Ex Post Facto Clause of the United States Constitution. The Kansas Supreme Court has soundly and repeatedly rejected this argument. *State v. Campbell*, 307 Kan. 130, 135, 407 P.3d 240 (2017) (citing *State v. Sims*, 306 Kan. 618, 622, 395 P.3d 413 [2017], and *State v. Collier*, 306 Kan. 521, 525, 394 P.3d 1164 [2017]). "Relying on statutes in effect at the time a crime is committed eliminates the need for an ex post facto analysis," and the 1993 statutes interpreted in *Keel* were those in effect when Mitchell committed crimes in 1996; they are not laws that increased the potential punishment after Mitchell's crimes were committed. See *Campbell*, 307 Kan. at 135-36.

We are duty bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position. See *Heartland Presbytery v. The Presbyterian Church of Stanley, Inc.*, 53 Kan. App. 2d 622, 645, 390 P.3d 581 (2017). In light of the Kansas Supreme Court's clear holdings in *Campbell*, *Sims*, and *Collier*, Mitchell's Ex Post Facto Clause argument fails. See *Campbell*, 307 Kan. at 135-36.

4

Second, Mitchell argues that the retroactive application of House Bill 2053, now codified at K.S.A. 2017 Supp. 21-6810, violates the Ex Post Facto Clause. We need not address this argument, however, because the district court did not apply K.S.A. 2017 Supp. 21-6810 in denying Mitchell's motions. Rather, it denied the motions based upon our Supreme Court's holding in *Keel*. See, e.g., *Sims*, 306 Kan. at 622 ("Because [this] case is controlled by *Keel*, the court need not address [the appellant's] argument that K.S.A. 2016 Supp. 21-6810[d] and [e] violate the Ex Post Facto Clause"); *Keel*, 302 Kan. at 590-91 (stating that it "eliminates the need for any ex post facto analysis"); *State v. Boatman*, No. 113,890, 2016 WL 3407995, at *3 (Kan. App. 2016) (unpublished opinion) (declining to address statutory argument because *Keel* controlled).

Finally, Mitchell argues that his sentence violates the Eighth Amendment, and that the district court violated Supreme Court Rule 183(j) by failing to set forth findings of fact and conclusions of law on his Eighth Amendment claim. Mitchell devotes the majority of his appellate argument to this final issue, contending that the district court's failure to address his Eighth Amendment claim in either the order denying his initial motions or the order denying his motion for reconsideration requires remand.

Supreme Court Rule 183(j) requires a district court considering a motion brought pursuant to K.S.A. 60-1507 to "make findings of fact and conclusions of law on all issues presented." (2019 Kan. S. Ct. R. 230). Whether a district court's findings of fact and conclusions of law comply with Supreme Court Rule 183(j) is a question of law that we review de novo. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

Mitchell is correct that the district court did not explicitly acknowledge the Eighth Amendment issue he raised in his 60-1507 motion, nor did the district court do so even after Mitchell made the required objections under Rule 183(j) in his motion to reconsider. See *Phillips v. State*, 282 Kan. 154, 179, 144 P.3d 48 (2006) (noting that a party that does

5

not object in the district court to inadequate findings of fact and conclusions of law generally waives the issue on appeal).

The district court's orders in the present case arguably fall short of Rule 183(j)'s requirements. In its order denying Mitchell's motions and dismissing the case, however, the district court referred to Mitchell's argument "that his juvenile convictions from 1983 to 1984 were not scored appropriately." The court then noted that because Mitchell "had a criminal history with four (4) person felonies committed as an adult, his juvenile convictions had no bearing on his criminal history." We read this portion of the district court's order as an attempt to address Mitchell's Eighth Amendment argument.

In any event, even assuming noncompliance with Rule 183(j), the failure to directly acknowledge and address Mitchell's Eighth Amendment argument does not impede our review of the issue. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (noting that "the fundamental problem with [the lack of findings of fact and conclusions of law] is that it impedes appellate review"). Because the record now before us conclusively shows that Mitchell was not entitled to relief on this issue, any failure by the district court to fully comply with Rule 183(j) was harmless error. See *State v. Wilson*, 308 Kan. 516, 527, 421 P.3d 742 (2018) (finding remand for failure to comply with Rule 183[j] was unnecessary where it did not impede review of the issue).

Mitchell argued to the district court that because the calculation of his criminal history included consideration of juvenile adjudications, he was subjected to "an unquestionably lengthy sentence due to enhancements drawn from acts he had committed as a child." Noting that "[c]hildren often lack the ability to fully appreciate or recognize the consequences of their actions," Mitchell contended before the district court that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. On appeal, he does not further develop his Eighth Amendment argument, arguing only that the district court erred by failing to make findings of fact and conclusions of law.

6

As the district court noted in its order and the State points out on appeal, Mitchell's criminal history at the time of his sentencing included four adult person felonies and, therefore, his criminal history score would have been A even if none of the juvenile adjudications were considered. See K.S.A. 21-4709 (setting criminal history category A as appropriate when "[t]he offender's criminal history includes three or more adult convictions . . . for person felonies"). Accordingly, Mitchell's Eighth Amendment argument—which is solely based on the use of his juvenile adjudications in calculating his criminal history score—must fail because, even without those adjudications, his criminal history score would remain the same and his sentence would be unaffected. Thus, a remand for further findings of fact and conclusions of law on Mitchell's Eighth Amendment argument is unnecessary.

Affirmed.