NOT DESIGNATED FOR PUBLICATION

No. 122,083

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ONETH SAVERY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed October 16, 2020. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.


PER CURIAM: Oneth Savery appeals from the summary denial of his second K.S.A. 60-1507 motion, raising several claims of ineffective assistance of counsel related to counsel's performance in handling his first K.S.A. 60-1507 motion. Savery generally alleges his K.S.A. 60-1507 counsel failed to advocate for him in any meaningful manner, specifically mentioning failures to (1) fully argue two ineffective assistance of trial counsel claims; and (2) challenge the exclusion of rape shield evidence. He also argues for the first time that the cumulative effect of trial errors was prejudicial. The district

1

court summarily denied his motion. Finding no error, we affirm the district court's decision.

FACTUAL AND PROCEDURAL HISTORY

In 2011, a jury convicted Savery of rape, aggravated criminal sodomy, and lewd and lascivious behavior. The victim was a 15-year-old girl. This court affirmed those convictions. *State v. Savery*, No. 106,116, 2013 WL 192555, at *1 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1207 (2013) (*Savery I*).

In September 2014, Savery filed a pro se K.S.A. 60-1507 motion, alleging ineffectiveness of trial counsel, which was denied. This court affirmed the denial. *Savery v. State*, No. 116,266, 2017 WL 3001031, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 988 (2018) (*Savery II*).

In March 2019, Savery filed a second pro se K.S.A. 60-1507 motion, arguing that he received ineffective assistance from both his direct appeal counsel, Carol Longenecker Schmidt, and his 60-1507 counsel, Gerald Wells. The motion generally asserted that the claims were not successive because they were being raised in the context of ineffective assistance claims against 60-1507 counsel, Wells, thus supplying the exceptional circumstances to overcome that procedural bar. Savery also argued that he should not be required to show prejudice from Wells' ineffectiveness because the ineffectiveness of counsel was so great it amounted to denial of counsel based on *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

The district court summarily denied Savery's second 60-1507 motion in a written ruling, divided into three main sections: first, concluding that the ineffective assistance claims against Longenecker Schmidt were untimely and successive; second, concluding that the ineffective assistance claims against Wells were timely but that Savery had not

2

shown he was entitled to relief; and third, concluding that the claim about trial attorney's failure to file a rape shield motion was untimely and successive as to trial and direct appeal counsel, and that Savery had not shown Wells was ineffective.

Savery timely appealed.

ANALYSIS

Savery contends the district court erred in summarily denying his 60-1507 motion. On appeal, he stresses that he is only raising an ineffective assistance claim against Wells, his first 60-1507 appellate counsel, for his failure to properly argue the ineffective assistance of trial counsel issues that were before the Court of Appeals in *Savery II*. Because his appeal only deals with the effectiveness of his 60-1507 appellate counsel, it is timely and not successive.

Wells did not represent Savery before the district court. The district court denied Savery's first 60-1507 motion without the appointment of counsel and made findings on all the pro se claims he made before that court. The issue is solely whether Wells was ineffective on appeal. Savery is arguing that not only was Wells ineffective in asserting his claims on appeal, it was no different than being deprived counsel altogether. See *Chronic*, 466 U.S. at 659.

*Our standard of review is de novo.*

When the district court summarily dismisses a K.S.A. 60-1507 motion, as it did here, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

3

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant is required to establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) that the deficient performance prejudiced the defendant. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). "To show prejudice, the defendant must show that there is a reasonable probability that but for counsel's ineffectiveness, the result of the proceeding would have been different." *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. 303 Kan. at 426. In considering deficiency, "there is a strong presumption counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *Sprague*, 303 Kan. at 426.

Cronic *does not apply, so Savery must establish prejudice.*

As noted above, to prevail on a claim of ineffective assistance of counsel, the defendant must establish that counsel's performance was deficient, and the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. But the United States Supreme Court has carved out an exception when the circumstances justify a *presumption* of prejudice. *Cronic*, 466 U.S. at 662. This *Cronic* exception, as it has come to be known, is "reserved for situations in which counsel has entirely failed to function as the client's advocate." *Florida v. Nixon*, 543 U.S. 175, 189, 125 S. Ct. 551, 160 L. Ed. 2d 565

(2004). The attorney's failure must be complete and only applies "'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" *Bell v. Cone*, 535 U.S. 685, 697, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002).

But there is no constitutional right to effective assistance of legal counsel in an action pursuant to K.S.A. 60-1507, because it is a civil not a criminal action. *Stewart v. State*, 310 Kan. 39, 45, 444 P.3d 955 (2019). The Kansas Supreme Court has held that a showing of legal prejudice is required when the performance of statutorily provided counsel on a K.S.A. 60-1507 motion is questioned. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009); see also *Weaver v. Massachusetts*, 582 U.S. ___, 137 S. Ct. 1899, 1911-12, 198 L. Ed. 2d 420 (2017) (prejudice analysis required when otherwise structural public trial challenge arises on collateral attack). The court went on to discuss the role of appointed counsel in a 60-1507 action.

> "Once appointed, counsel for a K.S.A. 60-1507 motion must, within the stricture of required candor to the court and other ethical rules, pursue relief for the client. If this requires counsel to stand silent or merely to submit the case on the written arguments of that client, so be it. Counsel is simply not free to act merely as an objective assistant to the court or to argue against his or her client's position." *Robertson*, 288 Kan. at 229.

*Savery made two arguments before the district court which he abandons on appeal.*

Before the district court, Savery argued that Wells was ineffective for failing to act on evidence that Savery believed proved his actual innocence and for failing to request a remand for hearing on his direct appeal counsel's effectiveness based on *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). The district court properly denied these claims in its written ruling and Savery does not reassert them on appeal other than a brief mention of Wells ignoring letters from Savery which Savery contends establishes his innocence. We deem these issues abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not briefed are deemed waived or abandoned);

5

see also *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) (a point raised incidentally in a brief and not argued therein is also deemed abandoned).

*Savery points to three claims of ineffective assistance of counsel related to Wells appellate performance.*

### 1. Failure to request independent DNA testing

First, Savery claims Wells was ineffective for not adequately challenging his trial counsel's failure to request independent DNA testing. The record indicates that Wells did raise the issue of independent DNA testing and this court denied relief in *Savery II*. But Savery claims that Wells' argument was woefully inadequate—requiring a finding that he was ineffective.

Wells began his appellate brief in *Savery II*, as follows:

> "Unfortunately for Mr. Savery, it must be conceded that the District Court was correct in its findings of fact and conclusions of law regarding Mr. Savery's claims, and that the case law and rules cited by the Court have not been overruled or distinguished, and these cases remain good law."

Wells then submitted the following as to his claim that independent DNA testing would have bolstered Savery's defense:

> "The Court rejects Mr. Savery's claim that his trial counsel was ineffective for not conducting an independent DNA test. The Court's denial was based on a finding of the fact that there were no DNA findings linking Mr. Savery from a DNA evaluation. Moreover, the District Court concludes that Mr. Savery's defense would not 'bolstered' by a separate and independent DNA test. Despite this finding, Mr. Savery continues to

6

maintain that his trial counsel was ineffective for failing to conduct an independent test by an expert in DNA."

We agree with Savery and fail to see how Wells did anything to advocate for Savery's position. To add to this, this court incorrectly concluded in denying relief that the "record reveals a complete absence of any evidence that Savery's DNA was present." *Savery II*, 2017 WL 3001031, at *3. To the contrary, the DNA expert at trial testified that DNA consistent with Savery's was found in the victim's pubic area, outside her vaginal area, and on her neck. See *Savery I*, 2013 WL 192555, at *7.

Instead, the district judge noted in its ruling on his first 60-1507 motion that Savery failed to assert *how* an independent test of the existing DNA evidence would have bolstered his defense. Clearly DNA evidence was admitted at trial to corroborate the victim's testimony. But the district judge noted:

> "Defense counsel established the following points on cross-examination of the state's DNA analyst: (1) there was no semen found in any of the DNA samples[;] (2) DNA from the defendant and his wife could have been transferred to the victim when the victim occupied a bed in which the defendant and his spouse had previously engaged in coitus[;] (3) the DNA found on the internal rectal swab of the victim could not be determined to be that of the petitioner. Furthermore, on direct examination, the DNA analyst testified that no DNA from the victim was recovered from the penile swab of the petitioner."

However, even though Wells' performance was deficient, we cannot find that Savery was prejudiced. He suffered no prejudice from Wells' performance because his claim was meritless based on our thorough review of the records, motions, and filings in the case.

Although Savery begins his original 60-1507 motion with a conclusory allegation that independent DNA testing should have been ordered by his trial counsel, the only

7

specific claim he made about DNA evidence was that trial counsel should have presented rebuttal evidence that there was no evidence of any semen in or on the victim and no evidence of the victim's DNA on Savery's penis. But the DNA expert testified to both of these facts and trial counsel provided further emphasis in cross-examination. The defendant testified that he did not commit any of the acts alleged by the victim. Moreover, trial counsel was able to suggest, through the DNA expert's testimony, that simply putting one's hands on the victim's neck and shoulders to comfort her would have left DNA on her neck—in other words, a nonsexual activity. He was further able to establish that although the victim had stated that the codefendant inserted her fingers in the victim's vagina, there was no evidence of the victim's DNA on the codefendant's fingers.

As noted by the district judge, trial counsel cross-examined the State's DNA expert extensively and was able to effectively present alternative reasons for the DNA found. As to Savery's cursory claim for independent DNA testing, there is evidence in the record that trial counsel hired an independent DNA expert. Savery asserts for the first time in this appeal that there are substantial issues of fact remaining about his discussions with trial counsel about the DNA evidence, and thus "[t]here is simply no way to determine what happened in those discussions with his attorneys from the current record." He seems to be claiming that he should have received a hearing before the district court regarding those conversations and Wells should have argued that on appeal. Yet Savery never alleged any such communications with trial counsel in his original motion. Wells could certainly not present evidence outside of what was presented to the district court.

Instead, he asserts in this appeal that *improvements* in forensic DNA evidence "would no doubt be helpful" to his "claims of innocence" and "there is no reason to doubt that claim." Yet in his pro se motion in this case, he focused on only one piece of DNA evidence: the evidence the indicated that "Savery's DNA was located outside of [the victim's] vagina, not inside it."

8

In order to obtain an evidentiary hearing on his allegations of ineffective assistance of trial counsel, Savery is required to make more than conclusory allegations and must cite an evidentiary basis to support his claims. See *Sola-Morales*, 300 Kan. at 881. We agree with the district court. Savery was unable to meet his burden then and he presents no new evidence now. His claim is mere conjecture. There is nothing in the record to support Savery's claim that his trial attorney's performance was deficient for not requesting additional testing, so he cannot establish that he was prejudiced by Wells failure to put forth a successful argument on his behalf. See also *Holmes v. State*, 292 Kan. 271, 277, 252 P.3d 573 (2011) (holding appellate counsel cannot be ineffective for failing to challenge sound trial strategy).

### 2. *Failure to request a lie detector test*

Next, Savery claims Wells was ineffective for failing to insist that trial counsel was ineffective for failing to demand that the court order a lie detector test for him and his codefendant.

In his brief before this court, Wells argued:

> "Lastly, the Court rejects the claim that trial counsel was ineffective for not requesting polygraph tests for Mr. Savery and the co-defendant. Unfortunately, polygraph tests are not admissible at trial. *State v. Shively*, 268 Kan. 573, 999 P.2d 952 (2000). The *Shively* case is still good law and has not been overruled. Mr. Savery maintains his assertion that his trial counsel was ineffective for not requesting a polygraph."

This is a correct discussion of the ruling. The district court essentially found that trial counsel could not be found ineffective for failing to argue that a test be conducted that would not have been admissible at trial. The district court relied on the *Shively* case. This court agreed.

9

"Finally, Savery claims his trial counsel was ineffective because counsel failed to request a polygraph of Savery and the victim. This argument is without merit because evidence of polygraph examinations are not admissible at trial. *State v. Shively*, 268 Kan. 573, 579, 999 P.2d 952 (2000). Thus, Savery cannot establish that trial counsel's failure to obtain a polygraph examination fell below an objective standard of reasonableness, nor can Savery show that the result at trial would have been different had counsel obtained a polygraph examination of Savery and the victim." *Savery II*, 2017 WL 3001031, at *3.

Albeit inconsequential, this was also a factual error by the panel in *Savery II*. Savery never claimed his victim should have been subjected to a polygraph, only that he and his codefendant should have been.

Here, Savery argues that reliance on *Shively* by Wells and this court was a "gross misstatement of the law." He focuses on the fact that the parties *may* introduce the results of a polygraph result by agreement and failing to negotiate a test and an agreement with the prosecution fell below an objective standard of reasonableness for his trial counsel. He argues a favorable result would have changed the landscape of the case. He seems to be suggesting that this is the argument Wells should have made, but did not, on appeal. And by failing to make this argument and by conceding the applicability of *Shively*, Wells was ineffective.

Even if we assume Wells was ineffective, Savery still provides no caselaw to support his position that conceding the application of *Shively* constituted deficient performance and established prejudice. See *Pericles v. United States*, 567 Fed. Appx. 776, 782 (11th Cir. 2014) (unpublished opinion) (holding that it was not deficient performance for attorney to not arrange for defendant to take a polygraph test, as, subject to a few exceptions, polygraph tests are generally inadmissible); *State v. Allen*, 301 Neb. 560, 574, 919 N.W.2d 500 (2018) (holding that it was not ineffective for defense counsel not to call polygraph examiner to establish a witness was lying when evidence was not admissible). He points to nothing in the record that would support his assumption that the

10

prosecution would have agreed to the admission of any polygraph results or would have dismissed the charges if they were favorable to Savery.

Savery instead asserts that there are substantial issues of fact remaining about his discussions with trial counsel about polygraph testing and thus "[t]here is simply no way to determine what happened in those discussions with his attorneys from the current record." He argues an evidentiary hearing is necessary so he can bring forth that evidence and presumably is asserting that Wells should have made that claim in *Savery II*. But as with the last claim, Savery made no mention of these conversations in his original 60-1507 motion. And Wells could not present new evidence to the court that was not in the record on appeal or claimed by Savery in his original pro se motion. The only additional allegations he made about the polygraph in his original pro se motion was that his codefendant was required to take a polygraph by the State in order to "continue to parent her children" and she passed it three out of four times. So in other words, if she was telling the truth, he was too and his attorney should have requested a polygraph test. This is nothing more than conjecture and as such we cannot find that Savery was prejudiced by Wells agreeing that *Shively* was the controlling law in Kansas.

### 3. Failure to file a rape shield motion

Next, Savery claims that Wells was ineffective for failing to advance a claim that Savery's trial counsel was ineffective for not filing a motion to allow evidence of a prior sexual assault allegation by the victim which she later recanted, or at a minimum, failing to object to the State's pretrial rape shield motion. See K.S.A. 2019 Supp. 21-5502(b) (allowing evidence of victim's prior sexual conduct to be admitted under limited circumstances).

Wells did not address this issue in his appellate brief for *Savery II*. But that makes sense because Savery did not raise it in his original 60-1507 motion as ineffectiveness of

11

counsel—trial, appellate, or 60-1507. Accordingly, there can be no claim that Wells was ineffective for failing to raise it. Moreover, even if we were to consider this issue for the first time on appeal, there is no evidence in the record to support this fact.

Reviewing the record, it appears evidence of a prior false accusation was first discussed when trial counsel made a motion to have the victim submit to a mental health evaluation. Although trial counsel mentioned it had been discovered during Savery's preliminary hearing that the victim had falsely accused someone in the past, we find nothing in the record to support that claim. In its response to Savery's motion to compel psychological evaluation of victim, the State noted that although

> "[t]he defense argues that the victim has made prior allegations of sexual assault that were proven to be false. First, there were no investigations which suggest any allegations were 'proven' false. Second, the victim's sexual history is inadmissible evidence per rape shield protections. Finally, if the defense wishes to address the victim's credibility, they may do so during cross-examination."

In Savery's pro se motion in this case, he alleged that the victim had previously "accused another man of raping her at a local pool. She recanted her accusation and admitted that it was a lie." He also alleged that the victim admitted a prior false accusation that she later recanted in her psychiatric evaluation. We are unable to locate a copy of any psychiatric evaluation in the record on appeal.

In Savery's original pro se 60-1507 motion, he alleged—unrelated to a claim of ineffective assistance of counsel—that

> "[i]n this case in chief, the prosecution was given notice of the real possibility that the witness for the prosecution has a history of testifying falsely. This material fact was established during the preliminary hearing; 'that the alleged victum [sic] has in the past lied about being raped.'"

12

But again, we are unable to find anything in the transcript of the preliminary hearing to support this claim, nor did the district judge who considered his motion. Trial counsel did seek permission to inquire of the victim about sexual contact immediately before and after the charged event, and this was allowed. The victim denied any such conduct. So even if it had been raised in *Savery II*, the claim lacks support in the record.

*Cumulative error does not warrant relief.*

Savery's final claim is that the cumulative effect of trial errors warrants reversal of his convictions. He asserts that his case is like *Ellie v. State*, No. 120,030, 2019 WL 3979119 (Kan. App. 2019) (unpublished opinion), *rev. granted* 311 Kan. ___ (February 25, 2020), with the distinguishing fact that Ellie's 60-1507 counsel "did her job and zealously advocated for her client." There are some key problems with Savery's cumulative error argument.

First, Savery has never raised a cumulative error claim before, so this particular claim would certainly be both untimely and successive because he has failed to provide a valid reason for not raising it on direct appeal or in his original 60-1507 motion. As with some of his other arguments, a general cumulative error argument could be framed as an ineffective assistance claim against any one of his previous counsel. But by failing to properly brief this issue, Savery has abandoned the argument.

Second, *Ellie* involved several claims of ineffective assistance of trial counsel that the district court found constituted deficient performance. Although they had no prejudicial effect on one of the charges against Ellie—for which the evidence was overwhelming—their cumulative effect was prejudicial on the remaining charges. 2019 WL 3979119, at *11. This was in spite of the fact that the district court found that none of the incidents of deficient performance was prejudicial by itself. We find this case significantly different than the situation in *Ellie*. We have only found two incidents of

deficient performance by Wells, both related to his failure to properly brief issues related to trial counsel's ineffectiveness. But we further found that there was no deficient performance by trial counsel. In other words, we find there is no prejudice regarding Well's representation, because the underlying conduct of trial counsel was not deficient in the first place.

Finally, even if properly raised, a cumulative error claim must fail on the merits because the record does not support any of the alleged errors raised by Savery's appeal. Kansas appellate courts have continually recognized that a single error cannot support reversal. See *State v. Butler*, 307 Kan. 831, 868, 416 P.3d 116 (2018). Savery has therefore failed to establish cumulative error entitles him to relief.

For these reasons, we find that the district court correctly decided to summarily deny Savery's second K.S.A. 60-1507 motion and affirm that ruling.

Affirmed.