NOT DESIGNATED FOR PUBLICATION

No. 126,707

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAMUEL M. BECKER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; MARADETH FREDERICK, judge. Submitted without oral argument. Opinion filed October 11, 2024. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: In 2008, Samuel M. Becker was convicted of multiple violent felony crimes, including first-degree murder and kidnapping. Becker now appeals the summary denial of his third K.S.A. 60-1507 motion, in which he raised claims that his trial and postconviction counsel were ineffective. For the reasons discussed below, we find Becker's ineffective assistance claims unpersuasive and affirm the district court's summary denial of Becker's third K.S.A. 60-1507 motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

Due to the nature of this appeal, facts relevant to Becker's convictions need not be discussed in detail. Generally, in 2008, Becker was convicted of first-degree murder, four counts of kidnapping, one count of attempted kidnapping, two counts of aggravated battery, two counts of aggravated assault, and one count of aggravated burglary. The events leading to his charges and ultimate convictions are detailed in our Supreme Court's opinion affirming his convictions. *State v. Becker*, 290 Kan. 842, 842-46, 235 P.3d 424 (2010).

Becker then filed his first K.S.A. 60-1507 motion in 2011, alleging that his trial and direct appeal counsel provided him ineffective assistance. After an evidentiary hearing, the district court denied Becker's claims finding he failed to show ineffective assistance of counsel, and even if he had, the court had "absolute confidence in the outcome of the trial." Becker appealed that ruling and our court affirmed the district court's decision in 2014. See *Becker v. State*, No. 108,776, 2014 WL 1707435 (Kan. App. 2014) (unpublished opinion).

Then, in 2019, Becker filed a second K.S.A. 60-1507 motion, again claiming his trial counsel was ineffective. He asked the court for an evidentiary hearing and a finding of exceptional circumstances and manifest injustice to excuse his successive and untimely filing. The district court held a hearing, after which it summarily denied Becker's motion, finding his motion to be successive and untimely. Becker appealed the district court's ruling, and in 2021 this court affirmed the denial on the basis that his motion was untimely. *Becker v. State*, No. 122,698, 2021 WL 3825218 (Kan. App. 2021) (unpublished opinion).

In 2022, Becker filed his third and present K.S.A. 60-1507 motion, raising again his claims of ineffective trial counsel. He also raises ineffectiveness claims against the

2

two attorneys who assisted him in his first and second K.S.A. 60-1507 motions. Becker later supplemented this third K.S.A. 60-1507 motion, arguing his motion should not be denied as successive or untimely. Becker claimed that he was denied a fair trial and asked the district court for funding to secure three unspecified expert witnesses—an expert defense attorney, expert medical examiner or pathologist, and a police policy and procedure expert—to testify in support of his ineffective assistance of counsel claims against his trial counsel.

Within two weeks of Becker's supplemental filing, the district court appointed attorney James Villamaria as his K.S.A. 60-1507 counsel. The record is unclear why Villamaria withdrew as counsel, but three days after his withdrawal, Heather Bornstein replaced Villamaria as Becker's counsel. During an early status hearing, Bornstein asked for additional time to review the case files and the district court indicated it may "summarily dismiss [the motion] or make a judgment on that at anytime based upon the record and the pleadings" but granted the request for additional time to file supplemental pleadings.

Just over a month later, Bornstein asked to withdraw because she had accepted employment elsewhere, outside the Southeast Kansas area, and was unable to continue representing Becker. The district court granted Bornstein's motion to withdraw and appointed Amy Ross as Becker's attorney. Ross secured another extension of the pending deadline to submit supplemental pleadings, but six weeks later, she also sought to withdraw because she was unable to dedicate the necessary time to the matter due to her current caseload. As part of her motion to withdraw, Ross sought to further extend Becker's deadline to submit any supplemental pleadings.

The district court held a hearing on June 6, 2023, at which Ross appeared on Becker's behalf. Ross told the district court that "to protect Mr. Becker's rights [she was] including that motion for extension [so] if new counsel should be appointed to give them

3

an opportunity to review the file and determine if any supplemental pleadings needed to be filed . . . ." She articulated to the court that she had just opened a new office and had no staff, so she did not believe "this [was] something that [she could] get up to speed on . . . ." She also confirmed she had discussed the situation with Becker, and although he "would like [her] to continue, he's advised that he does understand [her] circumstances . . . ." The district court granted Ross' motion to withdraw and extended the deadline to revise Becker's third K.S.A. 60-1507 motion.

But during this hearing, after discussing the grounds for Becker's habeas motion with Ross, the district judge commented:

> "But this may be one that I summarily dismiss. I'll look at it and if that's the case I'll file a written order.
>
>     . . . .
>
> "Well I'll look at it. If I think it can be summarily denied then I'll do that. But I will go ahead and appoint a new attorney and extend that deadline 45 days."

Just over two weeks later, the district court summarily denied Becker's third K.S.A. 60-1507 motion finding he was not entitled to relief. In this ruling, the district court addressed Becker's ineffectiveness claims for all earlier counsel, noting that he previously claimed the ineffectiveness of trial counsel in his prior postconviction motions; his claim against his first K.S.A. 60-1507 counsel was the basis of his second K.S.A. 60-1507 motion, and he offered "no argument how a timelier filing . . . would [have resulted] in a different outcome of his second [K.S.A.] 60-1507 motion." The district court went on to address Becker's actual innocence claims, finding his claim was conclusory and offered no new evidence, emphasizing Becker's earlier admission to killing the victim. The court further found he showed no exceptional circumstances warranting this third K.S.A. 60-1507 motion and denied the motion as successive.

Becker filed a pro se motion to alter or amend this ruling, claiming: (1) the district court did not appoint new counsel as stated in the hearing, (2) he was not able to present new evidence because his appointed counsel withdrew, and (3) the district court's conclusion that he admitted killing the victim in the first K.S.A. 60-1507 motion—thereby having no meritorious claim of innocence—was incorrect because he only admitted to firing one shot at the victim's leg. The district court denied Becker's motion to alter or amend, finding his arguments unpersuasive and lacking merit.

Becker timely appeals.

### THE DISTRICT COURT DID NOT ERR IN SUMMARILY DENYING BECKER'S THIRD K.S.A. 60-1507 MOTION

On appeal, Becker argues the district court erred by summarily denying his third K.S.A. 60-1507 motion and asks us to remand his case for a hearing on the merits. But Becker significantly narrows the claims presented on appeal to just these: (1) that his three appointed attorneys—all who withdrew—failed to effectively represent him by not investigating his claims or filing supplemental pleadings, and (2) the district court's failure to appoint him new counsel, despite suggesting it would, violated his right to effective assistance of counsel on this K.S.A. 60-1507 motion.

*Applicable Legal Principles*

A district court has three options when examining a K.S.A. 60-1507 motion:

"'"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

5

requiring a full hearing.'" [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

When a district court summarily denies a K.S.A. 60-1507 motion without an evidentiary hearing—as happened here—the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). Moreover, whether the district court's findings of fact and conclusions of law comply with Supreme Court Rule 183(j) (2024 Kan. S. Ct. R. at 242) is a question of law that is reviewed de novo. See *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019).

Becker, as movant, bears the burden of establishing his entitlement to an evidentiary hearing. To meet this burden, his contentions must be more than conclusory, and either he must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In other words, the district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion, unless the motion, files, and records of the case conclusively show the movant is not entitled to relief. K.S.A. 2022 Supp. 60-1507(b); Supreme Court Rule 183(f) and (j).

*Becker only briefs issues related to his appointed counsel on the present motion.*

As noted, Becker frames his appeal solely around two claims, both related to his appointed counsel in this third K.S.A. 60-1507 motion. He abandons any other argument regarding the district court's summary denial of his motion. Issues not briefed are deemed waived or abandoned and we need not consider them. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Thus, the other issues Becker raised in his present K.S.A. 60-1507

motion—such as the effectiveness of his trial, appellate, or postconviction counsel for his first and second K.S.A. 60-1507 motions—are deemed waived. As a result, we consider only (1) whether Becker was entitled to relief based on his ineffective assistance of counsel claim against his three appointed counsel on this current habeas motion, and (2) whether the district court erred by failing to appoint new counsel.

*Becker's claim that counsels on his third K.S.A. 60-1507 motion were ineffective fails.*

As a gatekeeping question, the State argues Becker's ineffective assistance of counsel claims are being raised for the first time on appeal and we should not review them, in part because the claims cannot be decided on the record before us. The State also asserts Becker failed to specify which of his three K.S.A. 60-1507 counsel failed to take what action to further pursue his claims, and this lack of specificity amounts to inadequate briefing of the issue, depriving us of the ability to properly address his claim.

Becker responds that the ineffective assistance of counsel claims are properly before this court because "the same arguments" he makes on appeal regarding his appointed counsel's failures were previously raised in his motion to alter or amend. He asserts the motion to alter or amend satisfies the purpose of the preservation rule, as the district court was afforded the opportunity to fully address the issues.

Becker's preservation argument has some merit. But even if Becker's motion to alter or amend properly raised his ineffective assistance claim, and even if that claim were properly before us, Becker's claims fail on other grounds.

First, Becker fails to properly brief the question on appeal. His arguments regarding his three appointed attorneys are distilled to a few statements, such as "[d]espite recognition by *the attorneys* that supplemental filings were necessary, *they* took no action other than seeking to end their representation of Mr. Becker"; and "the

7

*three attorneys . . . abandoned him"* and "failed to introduce . . . expert[] testimony." (Emphases added.)

Becker correctly cites the legal standards applicable to our review of an ineffective assistance claim, citing *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and *Robertson v. State*, 288 Kan. 217, 225, 201 P.3d 691 (2009) and the required prongs of determining both deficient performance and prejudice. See *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022) (restating our appellate courts' two-prong test for ineffective assistance claims). But Becker does not articulate how any particular attorney's representation specifically fell within those parameters, aside from claiming that all three attorneys simply failed to act. His lack of specificity is fatal to his claim, because issues not adequately briefed, or raised incidentally but not fully argued, are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021); *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Becker likewise fails to support with any authority his contention that his three attorneys' withdrawals from his case amount to ineffective representation, which effectively waives his claim. 312 Kan. at 246.

Second, even if we were to assume Becker lodged his claims against all three of his appointed attorneys with specificity, Becker's claims against those attorneys would fail on the merits of his presentation and our review of the record. To find counsel's performances ineffective, we must first find that their decisions to withdraw fell below the objective standard of reasonableness, and then that the result of the failures affected the outcome of his K.S.A. 60-1507 motion. *Khalil-Alsalaami v. State,* 313 Kan. 472, 526, 486 P.3d 1216 (2021). But we remain mindful that our scrutiny of an attorney's past performance is highly deferential and viewed contextually, free from the distorting effects of hindsight. 313 Kan. at 485. As the reviewing court, we must strongly presume counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

8

Neither the record nor Becker's arguments demonstrate how the withdrawal of each appointed attorney fell below an objective standard of reasonableness. Although the cause of his first attorney's withdrawal is absent from the record, the record shows the attorney was replaced within a week, and Becker supplies no argument as to how this particular withdrawal was unreasonable or how it specifically prejudiced him. Both his second and third counsel, Bornstein and Ross, withdrew for reasons unrelated to the merits of Becker's case. Bornstein accepted employment outside the Southeast Kansas area, and Ross was unable to assist Becker due to a new office and solo caseload. Again, Becker presents no arguments or evidence in the record to demonstrate how either Bornstein's or Ross' withdrawal would fall below an objective standard of reasonableness. Consequently, Becker fails to meet his burden to show deficient performance, and there is no need to move to the second prong of the *Strickland* analysis. *State v. Bentancourt*, 301 Kan. 282, 308, 342 P. 3d 916 (2015).

Moreover, the success of Becker's argument that withdrawal of counsel amounts to ineffectiveness, standing alone, would establish a dangerous precedent that runs afoul of the Kansas Rules of Professional Conduct (KRPC) by punishing attorneys for withdrawing as counsel for legitimate personal or professional reasons. Attorneys are required to avoid situations where they cannot provide competent representation. See KRPC 1.1 (2024 Kan. S. Ct. R. at 324.) Attorneys should not accept representation unless they can do so competently, and attorneys are generally obligated to withdraw from representation if they are not capable of handling the case or if their continued representation violates the KRPC or any other law. See KRPC 1.16(a) (2024 Kan. S. Ct. R. at 374). An attorney who cannot devote the time or attention to a case due to either geographical encumbrance or lack of time and staffing is not per se ineffective—he or she is admitting their competence to handle the case is impacted by outside forces. Because an attorney's continued representation of a client despite a geographical encumbrance or the lack of time to diligently prosecute the matter would conflict with the attorney's code of professional ethics, we cannot say such a withdrawal overcomes the

presumption that the attorneys' conduct fell within the broad range of reasonable professional assistance. See *Kelly*, 298 Kan. at 970.

Without a showing of deficient performance, we need not address the prejudice prong of the ineffectiveness analysis. *Bentancourt*, 301 Kan. at 308. But even if we were to examine prejudice, Becker does not brief how the actions of his attorneys—seeking continuance so they could review the case or allow subsequent counsel the opportunity to get up to speed—were the precipitating cause of the district court's denial of his motion.

In conclusion, even if Becker's claim against his three appointed attorneys was preserved, he fails to properly brief his claim by offering conclusory arguments and no legal authority to support his contentions. Moreover, his unsupported claim that his appointed attorneys' withdrawals amount to ineffectiveness simply cannot stand in the face of the ethical rules guiding attorney conduct. Nothing in the record demonstrates that Becker's counsels for this third K.S.A. 60-1507 motion were ineffective in their performance, and Becker's arguments are unpersuasive.

*Becker fails to meet his burden to show the district court should have appointed new counsel.*

In his second claim, Becker argues the district court erred by failing to appoint new counsel after stating that it would during the hearing on Ross' motion to withdraw. He asserts the appointment of three attorneys on his motion evidently showed the district court found there were substantial questions of law or triable issues of fact, supporting the idea that the district court was required by K.S.A. 22-4506(b) to appoint him another attorney.

Although movants do not have a constitutional right to effective assistance of legal counsel on K.S.A 60-1507 motions because they are civil, not criminal actions, Kansas

10

provides a statutory right to counsel under some circumstances. *Stewart v. State*, 310 Kan. 39, 45, 444 P.3d 955 (2019). The extent of a movant's statutory right to counsel during a K.S.A. 60-1507 proceeding is a question of law subject to unlimited review. *Robertson*, 288 Kan. at 227.

Becker correctly states that under K.S.A. 22-4506(b), a district court must appoint counsel if the movant is determined to be indigent and if the movant presents a substantial question of law or triable issues of fact. K.S.A. 22-4506(b). See Supreme Court Rule 183(i). This statutory right to counsel ensures that the appointment of counsel is not merely a formality but requires effective legal assistance in proceedings that raise substantial legal or factual questions. *Mundy v. State*, 307 Kan. 280, 295, 408 P.3d 965 (2018). But the district court's mere acknowledgment of a *potential* substantial issue early in a case does not necessarily trigger that statutory duty. The district court may appoint counsel for an indigent movant during the period of the court's determination of whether the motion does in fact present a substantial question of law or triable issues of fact. *Dawson v. State*, 310 Kan. 26, 32, 444 P.3d 974 (2019). "It is only when the district court convenes a hearing to assist in that determination, at which the State is represented by counsel, that the appointment of counsel is required as [a] matter of due process unless the movant has waived his or her right to counsel." 310 Kan. at 32.

We first note that Becker focuses on the district court's suggestion that it would appoint a fourth attorney to him, while conveniently ignoring the rest of its statements indicating the court may, on the other hand, summarily dismiss his claims. And Becker misconstrues the fact that he was previously appointed counsel as requirement that the district court continue appointing him counsel. But our Supreme Court has held that a district court has the discretion "to begin down one avenue before electing a final route for handling a [K.S.A.] 60-1507 motion." *Mundy*, 307 Kan. at 303. The district court may summarily deny a habeas motion even after counsel has been appointed and the motion has been set for hearing. *Mundy*, 307 Kan. at 303.

Here, we find in the record that the district court notified Becker during two hearings that it could summarily deny his present K.S.A. 60-1507 motion based on the records and the pleadings. And, as it suggested it might, the district court stated in its order summarily denying Becker's motion that it found he was entitled to no relief based on its careful review of the motion, files, and records of the case. Implicit in the district court's findings that Becker failed to meet his burden to show more than conclusory claims or an evidentiary basis to support them is its correlated finding, under K.S.A. 22-4506(b), that his motion presented no substantial question of law or triable issues of fact meriting further appointment of counsel.

Becker fails to brief, on appeal, how his motion presented substantial legal questions or triable issues of fact. He only claims that the district court must have found his claims meritorious for appointment of additional counsel given the court's earlier decision to appoint him new counsel—a claim we have dispelled above. Without more than this conclusory argument, Becker simply fails to meet his burden to show he was entitled to a hearing. *Thuko*, 310 Kan. at 80.

And given the conclusory arguments Becker presents on appeal, we are under no obligation to delve into the merits of his underlying claims to assess whether his motion presented substantial questions warranting additional counsel. If we did so, we would find the district court succinctly addressed each of the claims within Becker's third habeas motion in its well-reasoned opinion denying the motion, and we have no need to try to improve upon the district court's findings. See Supreme Court Rule 7.042(b)(5) (2024 Kan. S. Ct. R. at 49) (The opinion or findings of fact and conclusions of law of the district court adequately explain its decision.).

*Conclusion*

As the movant, Becker bears the burden to establish that he is entitled to an evidentiary hearing. Again, to meet this burden, his contentions must be more than conclusory, and he must either set forth an evidentiary basis to support those arguments or the basis must be evident from the record. *Thuko*, 310 Kan. at 80. But Becker waives all arguments previously presented aside from his claim that his three appointed counsel on this motion were ineffective by withdrawing, and his claim that the district court was required to appoint him a fourth attorney. And on these claims, Becker offers little more than conclusory statements, which does not satisfy his burden. For the reasons discussed above, we affirm the district court's summary denial of Becker's third K.S.A. 60-1507 motion.

Affirmed.